Anton Sorenson, Appellee, v. Illinois Central Railroad Company, Appellant.

Gen. No. 15,138.

1. PASSENGER AND CARRIER—*when relation established.* A person who has bought and paid for his ticket and is upon a station platform of the carrier about to commence his journey, is a passenger.

2. PASSENGER AND CARRIER—*obligation of latter to former.* It is incumbent upon a carrier to use a high degree of care to prevent a passenger from being injured in attempting to board its cars.

3. PASSENGER AND CARRIER—*what change of custom as to use of tracks constitutes negligence.* Held, under the evidence, in this case, that the failure to warn a passenger of a change in running

trains going north upon tracks usually used by the trains going south, was actionable negligence.

4. ORDINARY CARE—*what is.* What is due care depends upon environing conditions and sometimes involves custom and knowledge actual or attributable to one or the other of the parties.

5. CONTRIBUTORY NEGLIGENCE—*failure to look and listen.* Failure to look and listen for trains approaching from a direction from which the plaintiff had no reason to anticipate their coming, *held,* not contributory negligence in view of his relation as passenger and the failure of the carrier to warn him of the change which had been made in the use of the respective tracks.

HOLDOM, P. J., dissenting.

Action in case for personal injuries. Appeal from the Superior court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 2, 1910. *Certiorari* denied by Supreme Court (making opinion final).

CALHOUN, LYFORD & SHEEAN, for appellant; JOHN G. DRENNAN, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment for $6,000 entered upon the verdict of a jury assessing that sum as damages for personal injuries suffered by plaintiff through negligence charged against defendant. The usual motions were made for a new trial and in arrest of judgment, to the overruling of which exceptions were duly preserved.

The declaration consists of one count, to which defendant pleaded not guilty. There is no serious complaint that the declaration is not sufficient to sustain a recovery, if the proofs fasten a liability upon defendant for the negligence charged. Without adverting at any length to the averments of the declaration, we will rest content with stating that the negligence charged against defendant was a failure on its part to warn plaintiff that the train he was about to take going north was, contrary to the usual manner of operating trains,

608        APPELLATE COURTS OF ILLINOIS.

Sorenson v. Illinois Cent. R. Co., 155 Ill. App. 606.

to come to the station platform upon the regular south bound track; that such failure to warn plaintiff led him, in reliance upon the customary method of running such train, to unwittingly step upon the south-bound track on which the train was proceeding north, causing him to be struck by its engine and so injured that his right leg had to be amputated. The evidence discloses, without contradiction, that plaintiff lived at West Harvey in Chicago, and was about to take a train of defendant at its 147th street station to go to his work at Pullman. He bought a ticket for the journey and the night being cold he alternated between the platform, looking for the coming of the train, and the station, in which to warm himself. On account of the derailment of a train at Riverdale, a point on defendant's road north of 147th street, it was temporarily operating its north-bound trains on the south-bound track. Plaintiff was in the habit of using defendant's trains in going between his home at West Harvey and his work at Pullman, and was informed as to the custom of defendant in running its trains. Plaintiff, while standing on the west platform and looking south, saw a light which he took for an approaching train and the one he intended to take to Pullman. He then walked north on the west platform about seventy feet, so that he might be in a position when the train stopped to board the forward car, which was a "smoker," because he was smoking. He walked slowly and did not again look to the south, but stepped on the west track, the south-bound track, and was struck by the north-bound train running on the south-bound track. While he heard the train approaching he did not look for it, but assuming that it was running along on the track next east of the west track, which was the track on which trains travelling to the north usually ran, kept unhaltingly on his way. To that time he had never known of a north-bound train running on the south-bound track.

At the close of plaintiff's proofs defendant moved

for an instructed verdict, which being denied, it excepted. This action of the court is assigned for error, as also the actions of the court in overruling defendant's motion for a new trial and in its rulings on instructions.

Although plaintiff was not on board the cars of defendant at the time of being injured, still he was a passenger to all intents and purposes, sufficiently so to impose upon defendant the duty to exercise the highest degree of care for his safety. He had bought and paid for his ticket and was therefore lawfully upon the station premises, the place from which he was to commence his journey. These facts constituted him a passenger. I. C. R. R. Co. v. Treat, 179 Ill. 576. Such relationship continues until the passenger has made his journey, safely alighted from the car and made his exit from the carrier's place of disembarkment to the public highway. C. T. R. R. Co. v. Schmelling, 197 ib. 619. The evidence therefore establishes the fact that at the time of the accident the relation of the parties to each other was that of carrier and passenger. It was therefore incumbent upon defendant to use a high degree of care to prevent plaintiff from being injured in attempting to board its cars. The instructions, therefore, which announced in varying forms such duty were not subject to the objections made to them by defendant.

Whether plaintiff was in the exercise of due care for his own safety at and immediately prior to the time of the accident was one of fact for the jury to determine. What is due care depends upon environing conditions and sometimes involves custom and knowledge actual or attributable to one or the other of the parties. Therefore in the instant case it was for the jury, in determining the question of due care on the part of plaintiff, to take into consideration his knowledge of defendant's custom in operating its trains upon certain tracks, and whether in relying thereon he was injured, or that in failing to take other precautions for his

safety negligence was imputable to him.. With these facts in mind and the further undisputed fact that defendant did not warn plaintiff of the change in running its trains to the north on the south-bound track, the court could not say as a matter of law that plaintiff was not in the exercise of due care, for, as said in N. C. St. R. R. Co. v. Irwin, 202 Ill. 345, "But whether he had the right to rely solely upon his knowledge of the custom and to omit other precautions and yet be deemed in the exercise of ordinary care, was a question of fact to be determined by the jury upon consideration of all the testimony bearing upon the point." N. C. St. R. R. Co. v. Kaspers, 186 ib. 246; C. C. Ry. Co. v. Lowitz, 218 ib. 24. The denial of defendant's motion to instruct a verdict was not error.

It is argued that the court below erred in denying defendant's motion for a new trial because the verdict is not sustained by the evidence.

The right to recovery, if it exists, rests solely upon the theory, supported by the proof, that failure to warn plaintiff of the change in running the trains going north to the tracks usually used by trains going south, was actionable negligence. There is comparatively little dispute as to the crucial facts supporting this theory. It is proven by the evidence that plaintiff was and had been for some time previous to the accident a regular patron of defendant's cars in going to and from Pullman, boarding the north-bound trains at the place of the accident; that he knew the rails upon which the trains were run; that to meet the exigency of conditions arising from a train being derailed north of the 147th street station of defendant, it caused the north-bound train, which struck plaintiff, to be run upon the track customarily used for trains running in an opposite direction; that plaintiff relied upon his knowledge of the custom in regulating his movements, and with knowledge of the approach of the train paid no attention to the fact of what direction or upon what set of rails it was running. He knew it was coming

toward the station; he heard it; he did not look, but rested in the security of the custom that its point of arrival was the track next east of the west track. It is contended consequently, in effect, that plaintiff in view of these facts and under all the circumstances in evidence was in the exercise of due care, and that the failure of defendant to warn plaintiff of changed conditions was negligence, and that failure to look or listen for the approach of the train was not, under these circumstances, want of due care on plaintiff's part. C. C. Ry. Co. v. Fennimore, 199 Ill. 9.

The question here under discussion is not free from difficulty. Failure to look and listen for the approach of trains, the alighting from and boarding a moving car, have been held by our Supreme Court, in certain circumstances, not to impute to a passenger so acting want of due care. A contrary doctrine has been pronounced in Massachusetts and in the Federal Court. In Chaffee v. B. & L. Ry. Co., 104 Mass. 108, the court say: "A person who attempts to cross a railroad track under any circumstances can hardly be in the exercise of due care unless he takes reasonable precaution to assure himself by actual observation that there are no approaching cars upon it." In Southern Rys. Co. v. Smith, 86 Fed. 292, the court held that the railway company was guilty of such negligence as fixed its liability, providing the plaintiff was in the exercise of due care at the time he was injured. Smith, while crossing the railroad tracks to take a train, was injured by a train going in the opposite direction at a high rate of speed striking him, of the approach of which Smith was neither warned nor made aware; but his failure to use his faculties to discover the condition was held to inhibit his right to recover. On the other hand, Elliott on Railroads, sec. 1157, vol. 3, states the doctrine thus: "Although not originally under obligation to do so, if the company has maintained a flagman at a particular crossing for a long time and his presence is notorious, travelers have within limits a right to assume, when

he is absent, that no train is approaching, and his absence or permanent removal without notice to the public is evidence of negligence". Sustaining this *dicta* of Elliott is Ernest v. H. R. R. R. Co., 39 N. Y. 61, and Casey v. Same, 78 ib. 518. In the Ernest case the court say: "The company, for their own convenience, may elect to place a flagman at certain crossings, and, by establishing a practice of that kind they make a law binding upon themselves.

"Where, by such voluntary and continued practice, it has become notoriously public that a flagman is placed at such crossing to give notice of the approach of trains, then to withdraw such flagman without notice may become an act upon the part of the company for which they would be liable."

We hold as a matter of law that the jury might properly find from the evidentiary facts above recited, that failure of defendant to warn or notify plaintiff of the change in the running of its north-bound train was negligence, and that such negligence was the proximate cause of the injury suffered by plaintiff, in compensation for which the jury might award damages.

A careful examination of the instruction challenged by defendant does not disclose any infirmity calling for a reversal of the judgment. No instruction given was calculated to divert the attention of the jury from the theory of defendant's liability as above declared; nor was any instruction proffered by defendant and refused by the court hurtful to defendant, as none of them stated any proposition of law in harmony with such theory.

Finding the record free from reversible error, the judgment of the Superior Court is affirmed.

*Affirmed.*

HOLDOM, P. J., dissenting. The undisputed fact that plaintiff was consciously aware of the approach of the train and made no effort to inform himself on which track it was proceeding, when the slightest glance

would have revealed its location, in my judgment fastens upon plaintiff negligence proximately causing the accident, and that the negligence of defendant in not warning plaintiff of the change in running the train, while a contributing cause, was not the proximate cause of the accident. The assumption by plaintiff that the custom of running the train would not be varied was unwarranted, and his so assuming constituted want of due care on his part for his own safety.