[Civ. No. 4877. First Appellate District, Division Two.—May 20, 1924.]

## WILLIAM H. CLARKSON, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN STREET-CAR AND FREIGHT-CARS—INJURY TO PASSENGER—ACTION FOR DAMAGES—PERMANENCY OF INJURY—EVIDENCE.—In an action by a passenger on a street-car for damages for personal injuries suffered by him as a result of a collision between said street-car and a train of freight-cars, which action was against both the street-car company and the railroad company, the evidence having shown that shortly after the accident the plaintiff was able to, and did, resume his former position and that, at the time of the trial, he was and had been steadily employed in his old position, the matter of resuming his former employment was evidence from which the jury might draw the conclusion that the plaintiff had not been permanently injured, but the jury was not bound to draw that conclusion.

[2] ID. — REQUESTED INSTRUCTION — SUBJECT MATTER COVERED BY OTHER INSTRUCTIONS.—In such action, an instruction requested by the street-car company that the jury's verdict must be for it if the negligence of the railroad company was the sole proximate cause of the collision was a correct statement of the law; but as the subject matter was completely covered by other instructions,

---

1.  See 8 Cal. Jur. 810; 8 R. C. L. 469.
2.  See 2 Cal. Jur. 1026; 2 R. C. L. 261.

the trial court did not commit an error because it did not repeat an instruction on the subject.

[3] ID.—EVIDENCE—CROSS-EXAMINATION.—In such action, there was no error committed by the trial court in sustaining objections interposed by counsel for the railroad company to questions propounded to a witness for the railroad company on cross-examination concerning a written agreement entered into between the latter company and the street-car company which contained certain covenants regarding the manner in which each of the contracting parties would handle its rolling stock at the intersection of the streets where the accident occurred, counsel for the railroad company, on direct examination of said witness, having propounded to him no questions of or concerning said written agreement.

[4] ID.—AGREEMENT BETWEEN CODEFENDANTS—USAGE OR CUSTOM—INSTRUCTIONS—EVIDENCE.—In such action, an instruction given at the request of the railroad company to the effect that if the jury should find that by usage and custom the agents of the street-car company allowed the cars or trains of the former to have precedence at the crossing in question, then the agents and employees of the railroad company, at the time of the accident, had a right to rely on such usage and custom, did no violence to the rule that a contract in writing may not be modified by word of mouth, the action being based not on the contract, but on the alleged negligence of the parties to the contract, and being maintained by one who was not a party to the contract, and the question not being what each of the defendants had agreed to do, but what custom or practice theretofore had obtained.

[5] ID.—INSTRUCTIONS—EVIDENCE.—In such action, the contention of the street-car company that there was no evidence that the plaintiff was at the time of the accident luetic, and that, therefore, the trial court should not have given instructions as to the jury's duty if it found that the plaintiff was luetic at the time of the accident, cannot be sustained where it cannot be said that there was no evidence.

[6] ID.—EVIDENCE—SUSTAINING OF OBJECTION—ABSENCE OF PREJUDICE.—In such action, assuming that the trial court erred in sustaining an objection to a question asked on cross-examination of an expert neurologist called as a witness by plaintiff and who on his examination in chief gave testimony concerning traumatic neurosis, the question being, "Isn't it a fact that traumatic neurosis is commonly known among the medical profession as 'litigant's

3. Limiting cross-examination to scope of direct examination, note, 17 Ann. Cas. 4. See, also, 28 R. C. L. 602.

4. See 4 Cal. Jur. 989; 4 R. C. L. 1217.

5. See 14 R. C. L. 784.

6. See 2 Cal. Jur. 1004, 1022; 2 R. C. L. 253.

neurosis' or 'railroad spine,' and is commonly attributed to people who have claims that are being prosecuted against railroad corporations?" such ruling was not prejudicial, nor did it operate to prevent the questioner (the street-car company) from showing that the plaintiff was a malingerer, where thereafter when some of the questioner's witnesses were on the stand it was allowed without any objection to go into the proof of the malingerer theory.

[7] ID.—VERDICT.—In such action, there is nothing in the record which will justify the conclusion that the verdict was not a result of the cool and dispassionate consideration of the jury.

[8] ID.—ISSUES—INSTRUCTIONS.—In such action, where neither defendant made an issue between itself and its codefendant, the contention of the street-car company that its requested, but refused, instructions dealing with the provisions of section 486 of the Civil Code and the duty of the railroad company to ring its bell served to bring out the fact that the street-car company was guiltless and that the negligence of the railroad company was the sole proximate cause of the accident, is answered by the statement that the instructions in question were not addressed to the subject of sole liability and that other instructions, given at the street-car company's request, were addressed to the subject of sole liability.

---

(1) 17 **C. J.**, p. 1059, sec. 361; 23 **C. J.**, p. 54, sec. 1797.    (2) 36 **Cyc.**, p. 1637; 38 **Cyc.**, p. 1711.    (3) 40 **Cyc.**, p. 2501.    (4) 17 **C. J.**, p. 512, sec. 77 (Anno.).    (5) 38 **Cyc.**, p. 1686.    (6) 4 **C. J.**, p. 969, sec. 2951.    (7) 4 **C. J.**, p. 871, sec. 2847 (Anno.).    (8) 4 **C. J.**, p. 1048, sec. 3031.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellant.

E. A. Douthitt and John D. Willard for Respondent

STURTEVANT, J.—The plaintiff was riding as a passenger on one of the street-cars operated by the United Railroads at a time when the street-car came in collision

---

7. See 8 Cal. Jur. 833; 8 R. C. L. 673.
8. See 14 R. C. L. 784.

with the rear end of a train of freight-cars that was being operated by the Western Pacific Railroad Company. He commenced an action against both defendants to recover damages for the injuries which he sustained. The jury brought in a verdict in the plaintiff's favor against the United Railroads but in favor of the Western Pacific Railroad Company. The United Railroads thereafter made a motion for a new trial. The trial court denied the motion on the condition that the plaintiff should waive five thousand dollars of the amount of the verdict. The plaintiff accepted the condition and filed his waiver, and from the judgment as modified the United Railroads has appealed, bringing up the judgment-roll and a bill of exceptions.

[1] During the trial of the case the plaintiff introduced in evidence the American experience mortality tables; thereafter the court instructed the jury that the tables were admitted merely as a guide to estimate the damages, in the event that the jury should find that the plaintiff had been permanently injured. The gist of the appellant's point in this behalf is that at the time of the accident the plaintiff was an employee of the Pacific Gas & Electric Company as an engineer in one of its stations in San Francisco; that shortly after the accident the plaintiff was able to, and did, resume his former position; and that, at the time of the trial, he was and had been steadily employed in his old position. On these facts the appellant predicates the statement that the plaintiff had not been permanently injured, notwithstanding the fact that several witnesses had given evidence to the effect that under certain conditions it was possible that the plaintiff had been permanently injured. We think that the matter of resuming his former employment was evidence from which the jury might draw the conclusion that the plaintiff had not been permanently injured; but that the jury was not bound to draw that conclusion.

[2] The appellant requested the trial court to instruct the jury that its verdict must be for the United Railroads if the negligence of the Western Pacific Railroad Company was the sole proximate cause of the collision. As stated by the appellant the instruction is a correct statement of the law. However, by instructions numbers 82 and 83, the subject matter was completely covered and the trial court did

not commit an error because it did not repeat an instruction on the subject.

[3] On the fourth day of January, 1917, the two railroad companies entered into an agreement in writing and inserted certain covenants regarding the manner in which each of the contracting parties would handle its rolling stock at the intersection of the streets where the accident occurred. During the trial of the case the Western Pacific Railroad Company called as a witness a switchman, Frank J. Brenenman. On his direct examination that company propounded to him no questions of or concerning the written agreement. When the defendant United Railroads took up its cross-examination of the witness certain questions were propounded to the witness of and concerning the written agreement. To each of those questions counsel for the Western Pacific Railroad Company interposed objections. The trial court sustained the objections and the appellant complains of those rulings. There was no error committed in making the rulings. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.,* 156 Cal. 379, 389, 390 [104 Pac. 986].)

[4] Acting upon the request of the Western Pacific Railroad Company, the trial court instructed the jury that if it should find that by usage and custom the agents of the United Railroads allowed the cars or trains of the Western Pacific Railroad Company to have precedence at such crossing, " . . . then the agents, servants and employees of the defendant the Western Pacific Railroad Company, at the time of the accident involved in this action, had a right to rely on such usage and custom. . . . " The appellant contends that the ruling did violence to the rule that a contract in writing may not be modified by word of mouth. That contention would be altogether sound in an action between the parties to the written agreement if the action were based on the written agreement; but this is an action based on the alleged negligence of the parties to the alleged written agreement, and the action is being maintained by one who was not a party to that written agreement. As to each of the defendants the issue in this case was negligence or no negligence. The court instructed the jury, "Negligence is failure in the matter of care under the circumstances. Every man is bound to be careful that others take no harm by his conduct or his actions. The measure of his

duty is the circumstances of the case. What may be absolutely necessary under some circumstances, to protect others from harm, may not be necessary under other circumstances. Negligence, as I have said, is the lack of care under the circumstances. It is the doing of something which, under the circumstances and in view of his duty to endeavor to protect other people from harm by reason of his conduct, a reasonable and prudent man of ordinary common sense, would not do. . . . '' As stated, by this court in a recent decision, *Adamson* v. *City and County of San Francisco,* 66 Cal. App. 256 [225 Pac. 875], ''Where, as here, a usual practice or custom has obtained, and where, as here the claim is made that one of the parties has to the discomfiture of the other, without notice, departed from the usual custom or practice, the courts have by an unbroken line of decisions held that the question of negligence on the part of the defendant, and the question of contributory negligence on the part of the plaintiff, are both questions for the jury to determine in the light of all of the facts, including the evidence tending to establish the alleged custom or practice and the alleged deviation therefrom.'' As between the two defendants in this case we think it is clear that the same rule should apply. The question was not what each of the defendants had agreed to do, but the question distinctly was what custom or practice theretofore had obtained.

[5] Acting upon the request of the plaintiff, the trial court instructed the jury as to its duty if the jury should find that the plaintiff was luetic at the time of the accident. The appellant objected to the giving of each of those instructions. As we understand the appellant on this point, the objection rests mainly upon the contention that there is no evidence in the record that the plaintiff was at that time luetic. However, we think that the appellant overlooks some testimony. The evidence is not at all strong on the point, but we are unable to say that there was no evidence.

[6] The plaintiff called as an expert neurologist Dr. Otto G. Freyermuth. On his examination in chief he was asked many questions and made many answers of and concerning traumatic neurosis. On cross-examination he was asked: ''Q. Isn't it a fact that traumatic neurosis is commonly known among the medical profession as 'litigant's neurosis' or 'railroad spine,' and is commonly attributed to people

who have claims that are being prosecuted against railroad corporations?'' The trial court sustained an objection. Assuming that the trial court erred in its ruling, the ruling was not prejudicial. The appellant claims that the ruling operated to prevent the appellant from showing that the plaintiff was a malingerer. The ruling did not so operate. Thereafter when some of the witnesses for the appellant were on the stand the appellant was allowed without any objection to go into the proof of the malingerer theory.

[7] The verdict, as modified by the stipulation of the plaintiff, is attacked by the appellant as being excessive, but there is nothing in the record which will justify the conclusion that the verdict was not a result of the cool and dispassionate consideration of the jury. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co., supra.*)

[8] On the trial of the case it was the theory of the plaintiff that the Western Pacific Railroad Company was guilty of negligence in failing to comply with the provisions of section 486 of the Civil Code and that it should have had a bell on the engine and that the bell should have been ringing as the train proceeded from a point at least eighty rods distant from the point of crossing Seventeenth Street and De Haro Street. Neither defendant made an issue between itself and its codefendant as to culpability. As to the duty of the Western Pacific Railroad Company to ring its bell, the appellant requested the trial court to give three several instructions of and concerning the provisions of section 486 of the Civil Code. If the instructions had been tendered by the plaintiff, it will be conceded they should have been given. But the appellant was interested solely in the issue as to its own negligence or non-negligence. If the appellant was negligent and its codefendant was also negligent, that fact would not relieve the appellant from liability. In this connection we understand that the very core of the appellant's point is that the instructions in question served to bring out the fact that the appellant was guiltless and that the negligence of the Western Pacific Railroad Company was the sole proximate cause of the accident. But, in reply to this contention, there are two answers. The instructions in question were not addressed to the subject of sole liability. In the second place instructions 82 and 83

were addressed to sole liability and both of them were, at appellant's request, duly given.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1924.

All the Justices concurred, except Sturtevant, J., *pro tem.,* who did not participate.