The North Chicago Street Railroad Company

*v.*

Mary E. Irwin, Exrx.

202  345
114a  21ᴓ

*Opinion filed April 24, 1903.*

1. Evidence—*when evidence of custom in running cars on a double track is admissible.* Evidence of the custom of a street railway company to run south-bound cars upon one track and north-bound cars on the other is admissible on questions of negligence and care in an action for the death of the plaintiff's intestate, who was struck from behind by a north-bound car running upon the south-bound track, although the departure from such custom was not charged as negligence.

2. Negligence—*whether party used ordinary care for his safety is a question of fact.* If one using a public street is aware that another person using the street is not exercising ordinary care for his safety, the question as to what he must do to avoid injury, in order to be relieved of the imputation of contributory negligence, depends upon the circumstances, and is a question of fact.

3. Instructions—*when an instruction invades province of the jury.* An instruction that "one who uses the public streets has a right to expect from others using the same highway ordinary prudence and care to avoid accidents, and to rely upon that presumption in determining their own manner of using such street," invades the province of the jury.

4. Same—*an instruction should have its basis in the evidence.* An instruction authorizing the jury, in assessing damages, to have regard to the value of the services of deceased and his superintendence and attention to the care of his family and the education of his children, of which they have been deprived by his death, is erroneous, where there is no evidence as to such matters.

*North Chicago Street R. R. Co.* v. *Irwin,* 104 Ill. App. 150, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding.

John A. Rose, and Louis Boisot, (W. W. Gurley, of counsel,) for appellant.

Rubens, Dupuy & Fischer, and Darrow, Thompson & Cross, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action on the case under the statute, brought by the appellee executrix to recover the pecuniary damages resulting to the next of kin of her testator by reason of the death of such testator by the alleged negligence of a motorneer in the employ of the appellant company. Judgment in her favor in the sum of $5000, which was entered in the superior court of Cook county, was affirmed by the Appellate Court for the First District. This is an appeal from such judgment of affirmance.

The insistence of the appellant company that the trial court erred in overruling the motion for a peremptory verdict in its favor requires a consideration of the evidence in order to determine whether the proof sufficiently tended to support a cause of action as to justify the submission of the cause to a jury.

The appellant company maintained two lines of street car tracks in North Clark street, in the city of Chicago. There was a space four feet and ten inches in width between the tracks. It was the custom of the railway company to propel all south-bound cars engaged in conveying passengers on Clark street on the west track and all north-bound cars on the east track. This custom was invariable in the movement of all cars for the conveyance of passengers. Two cars which during the daytime were used by the company on the Sheffield avenue line, were after the work of conveying passengers was over, about midnight of each day, taken northward on North Clark street on the west track, to the car barns. About 11:40 o'clock on the night of March 1, 1895, appellee's testator was riding a bicycle northward along North Clark street on his way home. That portion of the street on either side of the outermost rails of the appellant's tracks was covered with snow, ice and slush, and was impassable for a bicycle. The space in the street between the tracks was free and clear of such obstructions,

and appellee's testator was riding his bicycle on that space. A motorman in the employ of the appellant company, in taking one of the empty Sheffield avenue cars to the car barn, put the same in motion at the rate of from twelve to sixteen miles per hour on the west track of appellant's road. The motorman saw the deceased riding in the space between the tracks, and when within from twenty-five to thirty-five feet rang his bell or gong but did not slacken the speed of his car. The evidence tended to show that the deceased believed the car which was approaching him from the rear was upon the easternmost track, and that he turned to go from the space between the tracks upon the westernmost track in order that he might be beyond all danger of being struck by the car, and was there run upon and killed.

Whether the motorman was in the exercise of ordinary care for the safety of persons who might be upon the street or the appellee's testator guilty of contributory negligence, were properly regarded by the trial court as being questions of fact.

There was no allegation in the declaration that propelling the car northward upon the westerly or south-bound track was an act of negligence, still the court did not err in permitting the appellee to prove the existence of the custom of running all north-bound cars on the east track and all south-bound cars on the west track. The existence of this custom entered into the consideration of the question whether the motorman was in the exercise of ordinary care in propelling the car northwards on the west track at such a rate of speed as twelve or fifteen miles per hour, and also bore upon the question of the carefulness or negligence of the deceased in leaving the space between the tracks and going upon the west track in order to be out of danger from a car moving northward.

The complaint, however, that the court erred in the matter of giving instructions to the jury is well grounded.

Instruction No. 1 given at the request of the appellee is as follows:

"The jury are instructed that one who uses the public streets has a right to expect from others using the same highway ordinary prudence and care to avoid accidents, and to rely upon that presumption in determining their own manner of using such street."

It is true that all persons in using a street are required to use ordinary care to avoid injuring others, and also true that every person in using the street is required to use ordinary care for his own safety. The presumption that all others will observe this requirement of the law of course controls, to a certain extent, the actions of every one in the use of the public streets, but every person must exercise ordinary care for his own safety, and ordinary care is that degree of care which an ordinarily prudent person would exercise under like situation and circumstances. If one, while in the use of a public street, is advised that another is not exercising ordinary care for his safety, the question of what he must do to avoid receiving injury, in order to be relieved of the imputation of contributory negligence, depends upon the circumstances of the occasion, and is a question of fact, and not of law. If a person so placed in danger by the lack of ordinary care on the part of another should do no more than to rely upon the presumption that such other person would use ordinary care, and should be injured, he could not be deemed free from contributory negligence if it appeared that in the exercise of ordinary care and prudence he could, and might, have taken such action and course as would have placed him out of the reach of peril. There was no direct proof that appellee's testator knew of the custom of moving north-bound cars only on the easterly track, or that he knew the Sheffield avenue cars were moved northward on the westerly track each night on the way to the barn. His act in turning from the space between the tracks to the westernmost track

would indicate that he knew of the custom of using the east track for north-bound cars and did not know of the use made at night of the west track by the Sheffield avenue cars, and that he relied upon the observance by the company of the custom of which he was advised, and therefore turned to the west track as being a place of safety. But whether he had the right to rely solely upon his knowledge of the custom and to omit other precautions, and yet be deemed in the exercise of ordinary care, was a question of fact, to be determined by the jury upon consideration of all the testimony bearing upon the point. If, when notified by the gong that a car was approaching in the rear, he had looked back and could have seen that the car was on the west track, or if he had dismounted and stood in the space between the tracks until the car had passed, and by either of these methods could have avoided injury, it was for the jury to determine whether ordinary care and prudence would have dictated either of such courses should have been taken. If ordinary prudence would have dictated something more should have been done than merely to rely upon the observance of what he may have understood to be a universal custom governing north-bound cars, then reliance, alone, upon such presumption would not avail to relieve from the imputation of contributory negligence. The jury would be justified in understanding from the instruction that the deceased had a right to rely upon the continued observance by the railroad company of that which it is contended he understood to be a fixed and established custom, and that if he did so rely thereon it should be deemed, as a matter of law, that he had exercised ordinary care. It was the province of the jury to determine whether the deceased exercised ordinary care for his own safety, and this instruction invaded the province of the jury and may have prejudiced the cause of the appellant company. The observations of this court in *Louisville,*

*New Albany and Chicago Railway Co.* v. *Patchen,* 167 Ill. 204, are instructive on the point.

An error which may have affected the appellant company injuriously in the matter of the assessment of damages crept into the third instruction given on behalf of the appellee. The instruction reads as follows:

"If, under the evidence and instruction of the court, the jury find the defendant guilty, then, in assessing the damages which the plaintiff is entitled to recover, the jury should assess the same with reference to the pecuniary loss suffered by the wife and the children of the deceased, having regard for the probable earnings of the deceased, taking into consideration the age, business capacity, experience and habits, etc., of the deceased, during what would probably have been his lifetime if he had not been killed, so far as these matters have been shown by the testimony in this case, and also having regard to the value of his services and the superintendence and attention to the care of his family and the education of his children, of which they have been deprived by his death, not exceeding, however, $5000."

There was no evidence relating to services of the deceased in the care of his family or in the education of his children, or of his fitness, by nature or disposition, to superintend or give attention to the education of his children or to provide for the moral or intellectual training of his children. For this reason the instruction falls within the condemnation of the principle laid down by this court in *Illinois Central Railroad Co.* v. *Weldon,* 52 Ill. 290, and *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin,* 69 id. 426.

The judgment of the Appellate Court and that of the superior court must each be reversed, and the cause will be remanded to the superior court for such other proceedings as to law and justice shall appertain.

*Reversed and remanded.*