[Civ. No. 4732. First Appellate District, Division Two.—March 20, 1924.]

WILLIAM F. ADAMSON, · Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

[1] NEGLIGENCE — OPERATION OF MOTOR VEHICLE — DRIVING NEAR STREET-CAR TRACKS.—The operator of a motor vehicle is not guilty of negligence *per se* in driving along the right-hand side of a public street in close proximity to the right-hand tracks of a street railway company when he is not compelled under the circumstances to do so.

[2] ID.—OPERATION OF STREET-CAR BACKWARD—ABSENCE OF WARNING. A street railway company is guilty of negligence, as a matter of law, when it operates its car backward without any audible warnirg, and without notice by flagging or otherwise.

[3] ID. — DEVIATION FROM CUSTOM — ABSENCE OF NOTICE — PROVINCE OF JURY.—Where a usual practice or custom in the operation of a street railway system has obtained, and where the claim is made that the railway company has, to the discomfiture of the operator of a motor-driven vehicle, without notice, departed from the usual custom or practice, the question of negligence on the part of the railway company, and the question of contributory negligence on the part of the operator of the motor vehicle, are both questions for the jury to determine in the light of all the facts, including the evidence tending to establish the alleged custom or practice and the alleged deviation therefrom.

(1) 28 Cyc., p. 27.   (2) 36 Cyc., p. 1473.   (3) 36 Cyc., pp. 1611, 1625.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Charles S. Peery, Assistant City Attorney, for Appellant.

William A. Kelly and Harold C. Faulkner for Respondent.

STURTEVANT, J.—In this case the defendant city appeals from a judgment rendered in favor of the plaintiff.

2. Duty and liability of street railway with reference to vehicles moving along tracks, notes, 7 Ann. Cas. 1127; 18 Ann. Cas. 510. See, also, 3 Cal. Jur. 892; 25 R. C. L. 1251.

The judgment was for damages rendered in a personal injury case. In his complaint the plaintiff charged that the injuries were caused by the negligent operation of one of the street-cars owned by the defendant. In its answer the defendant denied all allegations of negligence which were pleaded in the complaint and affirmatively pleaded the contributory negligence of the plaintiff. Both parties introduced evidence in support of their respective allegations and the trial court gave instructions to the jury on all of the issues made by the pleadings. The jury returned a general verdict in favor of the plaintiff.

At this time the appellant makes one point and that point is to the effect that the evidence did not show that the defendant was guilty of negligence, but it did show that the plaintiff was guilty of negligence.

Geary Street runs east and west and there is located in the street a double set of tracks; the northerly track is used for cars traveling in a westerly direction and the southerly track is used for cars traveling in an easterly direction. Between the cross-streets, Presidio Avenue and Masonic Avenue, the defendant maintains a car-barn. From the northerly track there are switches on which a car can be drawn from that track into the car-barn. On the morning of November 18, 1918, the plaintiff was driving a taxicab containing some passengers. He had picked up his passengers on upper Market Street and was on the way to his point of destination, which was a house out near the beach toward the westerly end of Geary Street. He drove out Geary Street. As he did so, one of the street-cars of the defendant was being switched back from Masonic Avenue easterly along the northerly or out-bound track on Geary Street toward the car-barn where it was to be turned in for the night. It was standing, or almost imperceptibly moving, when the respondent drove his taxicab westerly along Geary Street. There was no other traffic at that hour of the night. The parties make no issue to the effect that the car did not have a right to be in the place where it was, but the fact is conceded by both parties. As the plaintiff drove westerly the street-car was ahead of him on the northerly track. It had no headlight on the eastern end. It had lights inside which shone out through the glass windows. At the point where the car was located the street is broad and there is

an abundance of traveling space on each side of the tracks. As the plaintiff proceeded on his way he could see the street-car ahead on the northerly track, but there is no evidence that during that time the car made any motion indicating that it was not outward bound. The plaintiff drove past the municipal car-barn toward the ocean. While he was so driving he proceeded to pass the car in question on the right-hand side thereof. He assumed that the car was going in the same direction that he was going. Whereas, although the car was on the track used by cars going in a westerly direction the operator of the car was in the act of moving it in an easterly direction. But the testimony is all one way to the effect that the plaintiff did not know that fact, nor was there anything to call such fact to his attention. There was no headlight on the easterly end of the car; there was no person on the easterly end of the car; no gong was sounded and no warning of any kind was given indicating the direction the car was moving. The operator in charge of the car stood on the west platform driving the car in an easterly direction. In other words, the street-car without a headlight, without sounding a gong or bell, and without giving any other kind of a signal, was being backed in an easterly direction along a street-car track customarily used by westerly-bound cars, and at that time the car had no person in the position of a lookout in the direction in which the car was traveling. When the plaintiff had reached a position on the right-hand side of the street-car, the car slowly moved eastward and, at the same time taking the curve, the overhang of the end of the car was projected outward from the general line of the street-car track in such a manner and to such an extent that the corner of the car ran into and collided with the plaintiff sitting at the wheel of his taxicab. Immediately before the impact the automobile was running parallel with the tracks and five or six feet north.

[1] We shall address ourselves first to the claim that the plaintiff was guilty of contributory negligence. The claim of the defendant on this subject is that the plaintiff was guilty of contributory negligence in driving so close to the defendant's car when he was not compelled under the circumstances to do so. In the case of *O'Connor* v. *United Railroads,* 168 Cal. 43, 48 [141 Pac. 809, 811], the court was

considering the same claim regarding a plaintiff who was driving fourteen or sixteen inches from the defendant's tracks. The court said: "It is undoubtedly true that plaintiff was required to exercise reasonable care in driving along the public street in the vicinity of the track of the defendant; such care and diligence as a reasonably prudent man would have exercised under the circumstances. As a general rule, whether a person has exercised ordinary care or not is to be left to the jury to be determined by them from all the circumstances surrounding him at the time. *But it was not negligence per se for the plaintiff to drive along the street as he did in proximity to the track of the defendant. This of itself did not constitute negligence at all.* The streets of a municipality are for the use of the traveling public and the right of a street-car company is only to use it in common with the public. The fact that the company has been granted a right to lay tracks and operate cars along the streets gives it no exclusive right to travel even over that portion of the street covered by its tracks. Other vehicles have a right to travel over the entire street, including the space between the tracks. *Nor is this right restricted to the times when other portions of the street may be crowded or in bad condition.* Nor is a traveler in doing so in any sense of the term a trespasser." (Italics ours.)

[2] Turning to the issue of negligence on the part of the defendant it will be noted that at the time of the accident the defendant's car was being operated backward without any audible warning, and without notice by flagging or otherwise, nevertheless, the defendant claims that such facts show no negligence as a matter of law. In this contention we think that the appellant is in error. In the case of *Swain* v. *Fourteenth St. R. R. Co.*, 93 Cal. 179, 184 [28 Pac. 829, 830], the court was considering the act of the operator of a car who was at his post but was looking behind the car instead of ahead of it. The court said: "This evidence was also sufficient to show that the driver of the car was negligent in omitting, without any apparent excuse, to look ahead and observe whether the track was clear. It is the duty of such a driver, equally with the driver of any other vehicle, to observe what is in the road before him, so as to avoid inflicting injury upon others, if practicable."

[3] When, as in the instant case, the street-car is not being operated in the ordinary and usual direction, but is

being backed, the necessity for the application of the same
rule is not less but is greater. Where, as here, a usual
practice or custom has obtained, and where, as here, the
claim is made that one of the parties has, to the discomfiture
of the other, without notice, departed from the usual custom
or practice, the courts have by an unbroken line of de-
cisions held that the question of negligence on the part of
the defendant, and the question of contributory negligence
on the part of the plaintiff, are both questions for the jury
to determine in the light of all of the facts, including the
evidence tending to establish the alleged custom or practice
and the alleged deviation therefrom. (*Lawyer* v. *Los An-
geles Pacific Co.*, 161 Cal. 53, 58 [118 Pac. 237]; *Carter* v.
*Sioux City Service Co.*, 160 Iowa, 78, 89 [141 N. W. 26, 30],
the supreme court of Iowa says: "In the case before us it
was incumbent upon the jury to say whether one or both of
these parties was responsible by his negligence for the colli-
sion. The jury could not say whether either one of these
parties was negligent without having some conception of
what under all the circumstances he ought to have done.
What was the usual method (or usual methods if more than
one) of piloting the street-car across these tracks was to
our minds an appropriate circumstance for the consideration
of the jury. Not that any particular method was binding
as a matter of law upon either party, but that the jury was
entitled to all the circumstances. If there was or was not
a departure from the usual method, such was proper evi-
dence for whatever light it might bring. . . . Its admis-
sibility for this purpose is considerably emphasized. There
was a collision at an intersection where both parties had a
right to pass. The safe passage of each depended upon
their co-operation and mutual understanding. If there were
usual methods practiced which were mutually understood by
both parties, then a departure from such methods by one
tended naturally to the discomfiture of the other." In
*Lawyer* v. *Los Angeles Pacific Co., supra,* Mr. Justice Melvin
cites with approval *North Chicago St. R. Co.* v. *Irwin,* 202
Ill. 345 [66 N. E. 1077]. In that case (202 Ill. 347, 66 N. E.
1078), the supreme court of Illinois said: "The existence of
this custom entered into the consideration of the question
whether the motorman was in the exercise of ordinary care
in propelling the car northwards on the west track at such

a rate of speed as twelve or fifteen miles per hour, and also bore upon the question of the carefulness or negligence of the deceased in leaving the space between the tracks and going upon the west track in order to be out of danger from a car moving northward. . . . But whether he had the right to rely solely upon his knowledge of the custom and to omit other precautions, and yet be deemed in the exercise of ordinary care, was a question of fact to be determined by the jury upon consideration of all the testimony bearing upon the point.'' In each of the last three cases which we have cited, the injured party was approached from and hit in the back. That fact does not make those cases inapplicable to this case.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1924.