ALLIE R. MANN, APPELLEE, V. STANDARD OIL COMPANY, APPELLANT.

FILED MAY 31, 1935. No. 29311.

*W. H. Herdman* and *Moyer & Moyer*, for appellant.

*Jack Koenigstein* and *George W. Dittrick, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

CARTER, J.

This suit was commenced by the appellee, Allie R. Mann, on two causes of action to recover damages to person and property caused by a collision between an automobile owned and driven by the appellee and an oil truck owned by the appellant, Standard Oil Company, and operated by one of its drivers. On the trial below, the jury returned a verdict for appellee and judgment was entered thereon. From the overruling of its motion for a new trial, the appellant brings the case to this court on appeal.

The only assignment of error made by the appellant was the giving by the trial court of instruction No. 10½, which is as follows: "Evidence bearing on the question of certain alleged customs has been offered and received in evidence, in this case. You are instructed that the Nebraska statute regulates the matter of the use of motor vehicles on the public highways and defines the rights and duties of such vehicles on such highways and these are controlling in this state. No custom even if established by the evidence could or would supersede the express requirements of the statute and a violation of such a statute, if such you find, would be evidence of negligence regardless of any custom and you are instructed that such evidence of certain customs has been received and may be considered by you only as bearing on the questions of negligence and contributory negligence, to be considered by you along with all the other evi-

dence and circumstances disclosed by the record and bearing on such questions of negligence and contributory negligence."

The evidence upon which this instruction is based is substantially as follows: The driver of the truck testified that he was driving west on the right-hand side of the highway in question at a speed of between 20 and 30 miles an hour; that, when he was approximately 300 yards from the driveway of Mr. Kline's place, he looked through the rear vision glass and saw appellee's car approaching 200 or 300 yards back; that he then opened the left door and held it open, until the collision occurred, as a signal that he was about to turn into the driveway. As he turned across the paved highway, his truck collided with appellee's car. Testimony was produced to the effect that the holding of the left door of a car or truck open was a recognized signal of an intention to turn to the left established by custom and usage. Under this statement of the record, did the trial court err in giving the instruction complained of?

On May 5, 1933, the date of the collision, the statutes of Nebraska provided: "An intention to turn to the left shall be indicated by extending the arm horizontally to the left and beyond the side of the vehicle, and by pointing to the left with the index finger." Comp. St. Supp. 1933, sec. 39-1147.

The general rule in this state is that a violation of a statute, not imposing a mandatory duty upon persons or owners of property, enacted for the safety or protection of persons or property, constitutes evidence of negligence only for the jury to consider with all the other evidence in the case on that issue. *Stevens v. Luther*, 105 Neb. 184. The appellant attempts to avoid the effect of the statute by proving a general custom in lieu thereof. The general rule is: "A custom or usage repugnant to the express provisions of a statute is void, and whenever there is a conflict between a custom or usage and a statutory regulation the statutory regulation must control." 17 C. J. 475. A general custom, even if proved, of holding the left door of an

automobile open as a signal of an intended turn to the left can in no way detract from the express language of the statute. A violation thereof will still be evidence of negligence on the part of the person failing to comply therewith. In *Casey v. Boyer,* 270 Pa. St. 492, the court said in a matter of like nature: "A city ordinance was introduced, that vehicles shall adhere to the ordinary rule of keeping to the right, and the jury were correctly instructed as to the effect of this ordinance—that it expressed the municipal view concerning the proper conduct of drivers on the street under ordinary circumstances. Defendant attempted, however, to introduce evidence that it was customary to drive to the left on Twenty-second street at the point in question; but these offers were properly refused." In *Reinders v. Olsen,* 60 Cal. App. 764, the court said: "As to that part of appellant's objection to the instruction with reference to the failure of the court to include the fact of knowledge on the part of plaintiff relating to the 'custom' or, rather, practice, of automobile drivers using the wrong side of the street, no such practice could be binding on plaintiff so as to excuse defendant from violating the statute in that regard, provided that such act was the proximate cause of the accident." We are of the opinion, however, that the evidence in question was admissible for another purpose. The reason therefor is well expressed in 27 R. C. L. 194, sec. 39, as follows: "It is, however, well settled that the degree of care required of a plaintiff in an action for injuries alleged to have been caused by the negligence of the defendant, in order that he may escape the imputation of fault whereby his action will be defeated, is measured by the diligence that prudent persons generally exercise under the same conditions. Accordingly, on the issue of contributory negligence, evidence of the ordinary practice and of the uniform custom, if any, of persons in the performance under similar circumstances of acts like those which are alleged to have been done negligently, is generally competent evidence, because it presents to the jury a correct standard for the determination of the issue."

The appellant contends that the use of the word "controlling" in the instruction complained of tells the jury that the evidence of the statutory violation outweighs the evidence of the appellant and amounts to an instruction to find for the appellee. The instruction must be considered as a whole, and, in so treating it, we are of the opinion that it instructs the jury that, irrespective of any usage or custom, a violation of the statute would still be evidence of negligence. This is a proper statement of the law. In order to arrive at any other conclusion, it would be necessary to place a strained interpretation on the language used. We therefore conclude that the instruction was without prejudicial error.

There being no other errors assigned, the judgment of the trial court is

AFFIRMED.