[Civ. No. 10867. First Appellate District, Division Two.—March 3, 1939.]

PAULINE MACE, as Administratrix, etc., Appellant, v. K. WATANABE et al., Respondents.

J. A. Bardin and J. T. Harrington for Appellant.

Bronson, Bronson & McKinnon for Respondents.

NOURSE, P. J.—Plaintiff sued for damages arising out of the death of her husband in a collision with a motor vehicle operated by defendants. The cause was tried with a jury, and the defendants had a verdict.

The collision occurred on a portion of Romie Lane Road, near its intersection with U. S. Highway 101, south of the city of Salinas. At this point the main highway makes a wide curve and is joined by the county road in two distinct roadways at points about four hundred feet apart. This "Y" was constructed by the county and the two lanes of traffic along each leg of the "Y" were commonly used by vehicles coming from and going to the main highway. The "V" shaped portion between the two legs of the "Y" and the highway proper was covered with gravel and loose dirt and was not generally used in such traffic. The defendants were traveling north on the main highway and made a left-hand turn into Romie Lane Road at the southerly intersection of the "Y". The deceased was traveling east on Romie Lane Road and took a right-hand turn along the same leg of the "Y". At the time of the impact defendants had traveled more than three hundred feet from the point where they left

the main highway, and were approximately one hundred and twenty feet from the easterly edge of the main highway. They were on their right-hand side of the traveled road, and were traveling in second gear at a low rate of speed. The deceased was traveling between fifty and sixty miles an hour and was unable to make the turn into this leg of the "Y". His car struck a second trailer which was at the time drawn by defendants' truck, and an examination of the roadway immediately after the collision disclosed that decedent's car had skidded about seventy feet before the impact and about twenty-five feet thereafter. The defendants had pleaded both want of negligence on their part and contributory negligence on the part of decedent. The evidence unmistakably proves both defenses, and the jury must have so found. The attack on the judgment is thus limited to the questions of the admissibility of certain evidence and the propriety of certain instructions.

The trial court, over objection, permitted a witness to testify that it was the general custom and habit of motorists to travel the roadway along each leg of the "Y", rather than to use the soft gravel forming the "V". The witness was a traffic officer who was familiar with the intersection and who frequently took his station within the "V" to observe traffic on both highways. It was offered in part to show that there was a well-known and well-defined roadway over each leg of the "Y" and none through the "V". It was also offered as preliminary to the showing that the deceased was thoroughly familiar with this custom and practice. There was no error in the admission. This evidence was not like that offered in *Hurtel* v. *Albert Cohn, Inc.*, 5 Cal. (2d) 145 [52 Pac. (2d) 922], to show the habit of pedestrians to violate traffic signals maintained for their protection. The parties were at odds whether the "intersection" was at the point where the prolongation of the lateral curb lines of Romie Lane Road met the state highway, or whether there were two intersections—where each roadway in fact met the highway. The evidence showed that the county had constructed and maintained these two separate approaches, and the further evidence that they were commonly used as such by all motor traffic was material to respondents' case.

Appellant complains that the trial court should not have left to the jury in its instructions the question whether

there was one or two intersections; that this should have been determined as a question of law by the court. We can see no merit in the criticism because, if the trial court had decided the question, it must have found that there were two intersections—where each separate roadway in fact met the main highway.

A witness who examined the roadway soon after the collision testified to the marks made by decedent's car. He was permitted to testify over objection that one mark appeared to have been made by a "free running wheel". Appellant complains that this was error because the witness had not been qualified as an expert. He did not give expert testimony. He merely testified to the physical facts—to what he observed on the roadway. The difference between the mark of a free running wheel and of a locked wheel is a matter of common knowledge and observation and, though the answer here seems to have been put in the way of an opinion, it was nothing more than a statement of what the witness had seen.

Criticism of the refusal of appellant's proposed instruction on the duty of the driver in making a left-hand turn in an intersection is not warranted as the matter was fully and properly covered by other instructions given.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.