RODNEY E. HOWARD v. DONALD G. MARCHILDON.[1]

June 3, 1949.

No. 34,918.

---

[1]Reported in 37 N. W. (2d) 833.

*George L. Bargen* and *Ira Peterson, Jr.,* for appellant.
*Herbert E. Olson,* for respondent.

PETERSON, JUSTICE.

Plaintiff, administrator of U. I. Howard's estate, recovered a verdict for Howard's wrongful death and for damage to his automobile sustained as the result of an automobile collision alleged to have been caused by defendant's negligence. Defendant appeals.

The questions for decision are:

(1) Whether a motorist killed in a collision is shown to have been guilty of contributory negligence as a matter of law by evidence which sustains, but does not compel, findings that the motorist turned left between intersections on a paved trunk highway to enter a private driveway without first giving the statutory signal for such a turn by device, lamp, or extending his hand and arm, but in lieu thereof held the door of his car partly open, and that immediately before the turn was made defendant's car was not in such proximity to decedent's that it appeared that such a crossing involved apparent danger of collision, but which, so far as it purported to show contributory negligence, was opposed to the physical facts;

(2) Whether, where it appears without dispute that decedent motorist failed to give the statutory signal for a left turn as defined in an instruction that failure to give the statutory signal of intention to make a left turn is prima facie evidence of negligence and a defense if it proximately contributed to the happening of the accident, decedent was guilty of contributory negligence under the instruction as the law of the case;

(3) Whether under the circumstances referred to in the preceding questions defendant, as an approaching motorist, was entitled to an instruction embodying the rule of M. S. A. 169.15, to the effect that no person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law.

The evidence from which these questions arise is conflicting. We shall first state the undisputed facts, and then the versions of the parties with respect to those which are in dispute.

The collision occurred during the morning of December 21, 1946, when it was clear and the visibility good, on an east-west highway (state trunk highway No. 2), having a pavement 20 feet wide and shoulders on both sides six or seven feet wide, in a rural area about two miles west of Bemidji. Decedent, accompanied by Albert E.

Tolman, drove his automobile west from Bemidji to a point opposite a private driveway into a place known as the Swing Club, where decedent parked his car on the right shoulder with the engine running while he and Tolman shoveled recently fallen snow off the driveway to the club building and started a fire to heat the building, in which they intended to do some carpenter work. After performing these chores, they returned to the road, where Tolman stood on the shoulder on the south side near the driveway, while decedent crossed the road, got into his car, waited for a car approaching from the east to pass, backed his car onto the pavement holding the left door partly open, and then proceeded forward at an angle across the pavement. It is also undisputed that during the winter season it is a common custom for motorists whose cars are not equipped with signal devices or lamps to hold the left door open to signal for a left turn, and that defendant himself observed the custom.

According to plaintiff's version, decedent started forward with his car after he got it onto the pavement, still holding the left door partly open, and crossed the pavement at an angle of about 45 degrees to enter the driveway to the club. There were three eyewitnesses to the collision, Tolman, Perdean Davidson, and Percy Henderson, who testified on behalf of plaintiff. According to Tolman's testimony, an Eddy Baking Company truck was approaching about one mile to the east from decedent's car and defendant was doing likewise about one mile to the west, when decedent started the forward movement, which was continuous until the collision occurred about 37 feet from where the forward movement began. Before backing his car onto the pavement, decedent looked to the rear for approaching cars, but there was no evidence that he looked forward. The undisputed fact, however, is that he faced forward when he started forward. When decedent's car was in the south lane with about one foot thereof projecting to the rear into the north lane and when defendant was about 300 feet away, Tolman threw his hands up to warn decedent, but it was of no avail, because an accident was then inevitable. Davidson, the driver of the Eddy truck, testified that, when he was one mile east of decedent's car approach-

ing at about 40 to 45 miles per hour, he saw decedent's car crossing the highway and defendant's car approaching from the west about one mile from decedent's car and that, when he (Davidson) was about half a mile to the east of decedent's car, defendant's car collided with it in the south lane. Henderson, who was a guest passenger in defendant's car, testified that, when defendant's car was about one mile from decedent's, he noticed that decedent's car was crossing and that he then warned defendant, "Better slow down, that car [decedent's] is coming across"; that when defendant's car was three-fourths of a mile away decedent's car was blocking the pavement; and that, when defendant was about a half a mile away, decedent's car was in the south lane with a small part projecting into the north lane; and that the north lane was unobstructed for passing. Both Davidson and Henderson testified that the pavement was slippery because of the presence of patches of snow and ice. Their testimony showed that defendant's speed was between 75 and 80 miles per hour, which he did not slacken as he approached decedent's car, and that, when he was about 30 or 40 feet from the latter, he veered to the right, striking decedent's car with such force as to send it zigzagging backward on the pavement a distance of about 200 feet.

According to defendant's version, when he was about one mile away approaching at a speed of 50 to 55 miles per hour, he saw decedent's car on the north shoulder with the left door partly open, where it remained until a car approaching from the east passed it, at which time defendant was about 200 feet to the west, and, when defendant was 100 feet away, decedent started forward. Defendant testified that, while decedent was traveling at a speed of about ten miles per hour the first 50 feet, "One second he [decedent] was on the north side of the road, the other second on the south side"; that, when decedent was about 50 feet away, he cut across in front of defendant to the south side without giving any signal of intention to do so, by holding the left door open or otherwise; and that under the circumstances he was unable to avoid the collision.

On appeal, the finding implicit in the verdict that defendant was negligent is not challenged. Rather, reversal is sought upon the grounds raised by the questions which have been stated.

■ In considering the question whether decedent was guilty of contributory negligence, we should have in mind its nature and the rules governing the burden of proof in such cases. Contributory negligence is an affirmative defense, and the burden is upon defendant to prove it by a fair preponderance of the evidence. Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371. Plaintiff need not prove absence thereof. Sartori v. Capitol City Lodge, 212 Minn. 538, 4 N. W. (2d) 339. It is simply a case of he who affirms must prove. As said in Walkup v. Bardsley (8 Cir.) 111 F. (2d) 789,[2] 793:

"* * * The burden, however, was upon the appellant [defendant] to prove that she [plaintiff] was guilty of such negligence, and it was not upon her [plaintiff] to demonstrate that she was not."

Where a party having the burden of proof with respect to a particular issue fails to sustain such burden, decision as to such issue must go against him. 2 Dunnell, Dig. & Supp. §§ 3468, 3469. So here, if all the evidence fails to show that decedent was guilty of contributory negligence (see the Sartori case, *supra*), decision must be in favor of plaintiff on that issue.

■ Whether decedent was guilty of contributory negligence as a matter of law is to be determined by the standards of care embodied in the instructions, applying § 169.19, subds. 4, 5, 7, and 8,[3] to the effect that it was decedent's duty not to attempt the left turn unless it was reasonably safe for him to do so, and then only after having given a signal of intention to do so by device, lamp, or extending his left hand and arm during the entire distance he traveled from

---

[2]Cited in Moore v. Kujath, 225 Minn. 107, 113, 29 N. W. (2d) 883, 887, 175 A. L. R. 1007.

[3]See, L. 1947, c. 428, § 16, amending the cited statute. Subd. 4 of § 16 contains a specific provision governing turns between intersections to enter private roads or driveways.

the commencement of his forward movement until the collision occurred; that violation of such duties on decedent's part constituted prima facie evidence of negligence; and that, if such violations were found to be negligence and if such negligence was a proximate cause of the collision, it constituted a defense. In determining whether a plaintiff was guilty of *contributory negligence* for failure to give the statutory signal for a left turn, but instead held the left door open, under a statute providing that a violation thereof is prima facie evidence of negligence, a common custom of motorists of giving a signal of intention to make a left turn by holding the left door open may be considered not upon the theory that by common consent standards of conduct may be substituted for those which the legislature has prescribed, but upon the one that, where a statute makes a violation of prescribed standards only evidence of negligence, it contemplates that other factors relevant to the question of negligence may be considered. Common custom under similar circumstances with respect to an act, alleged to constitute contributory negligence and declared by statute to be prima facie evidence of negligence, is relevant to determination of the question whether such act constitutes negligence as a matter of fact. Mann v. Standard Oil Co. 129 Neb. 226, 261 N. W. 168.

Plaintiff's version furnishes no basis for asserting that decedent was guilty of contributory negligence. To begin with, it showed that defendant had actual knowledge that decedent was crossing when defendant was about one mile away. Under such circumstances, a signal of intention to cross was not necessary. Barrett v. Nash Finch Co. 228 Minn. 156, 36 N. W. (2d) 526. According to the evidence, it was a fact question whether defendant was in the zone of apparent danger of collision when decedent began the left turn to cross. The evidence on behalf of plaintiff shows that decedent started his forward movement of cutting across the pavement at an angle of 45 degrees when both defendant and the Eddy truck were about one mile away—the former to the west and the latter to the east. Decedent correctly estimated that it was safe to pass in front

of the Eddy truck, because it was still about one-half mile to the east when the collision occurred. It is reasonable to infer that, if it was safe by such a wide margin for decedent to cross in front of the Eddy truck traveling at a lawful rate of speed, it also would have been safe to do so in front of defendant's car if it was going at a lawful rate of speed. According to the three eyewitnesses (Tolman, Davidson, and Henderson), decedent's car was in the south lane with about two feet thereof projecting into the north lane when defendant was about one-half mile to the west and had proceeded farther so that only a foot of the rear end of his car projected into the north lane at the time of the collision. The estimates of distance, speed, course followed, and the like fail to show that decedent started to cross in front of defendant when there was danger of collision, if that was done. If decedent had continued to travel at three miles per hour and defendant approached him at a speed of 75 to 80 miles per hour, the latter would have traveled about 25 to 27 times as far as decedent, and, since it is undisputed that decedent traveled only 37 feet, defendant would have traveled, according to such estimates, about 950 or 1,000 feet. This is opposed to the positive testimony of the witnesses Tolman, Davidson, and Henderson, to the effect that decedent was in the south lane when defendant was still at least a half mile away. The estimates of speed and distance of plaintiff's witnesses furnish no basis for the claim that it appears that decedent was guilty of contributory negligence as a matter of law. It must be obvious that something occurred which is not shown by the evidence. For example, if decedent had stopped in the south lane before going into the private driveway on his left from which the snow had just been shoveled, that fact would explain the happening of the accident, but that is a matter of speculation and a conclusion contrary to the evidence that decedent moved continuously from the time he started the forward movement until the collision occurred. In any view, plaintiff's evidence fails to show that decedent was contributorily negligent as a matter of law.

The evidence on behalf of defendant, the same as that on behalf of plaintiff, fails to show that decedent was guilty of contributory negligence as a matter of law. Defendant's version is that, when he was 100 feet away approaching at a speed of from 50 to 55 miles per hour, decedent started forward at a speed of ten miles per hour traveling at times in the north lane and then in the south lane for a distance of about 50 feet and then cutting directly across the pavement in front of him. Aside from the fact that such evidence is absolutely opposed to the undisputed one that decedent traveled only 37 feet in all, it is inherently untrue, for the reason that according to the speeds given it would have been impossible for decedent to zigzag from one side of the pavement to the other without a collision occurring sooner, and, on top of that, if a collision had not thus occurred, defendant would have traveled 250 feet down the road before decedent made the left turn across the pavement, as claimed.

In any view of all the evidence, there is no basis for holding as a matter of law that decedent made the left turn when to do so involved danger of collision with defendant's car. The burden was not on plaintiff to show absence of such danger, but was on defendant to show it affirmatively. This he has not done. Hence, contributory negligence as a matter of law was not shown.

◼ While the left turn signal given by decedent did not comply with the statute as contrued and applied in the instructions, failure to give the statutory signal would not be a defense unless such omission not only constituted negligence, but also was a proximate cause of the collision. A violation of the highway traffic regulation act constituting prima facie evidence of contributory negligence is no defense unless it is found to constitute contributory negligence as a matter of fact and also unless such contributory negligence was a proximate cause of the harm for which recovery is sought. Barrett v. Nash Finch Co. 228 Minn. 156, 36 N. W. (2d) 526, *supra.* As applied here, it is not enough that decedent may have violated the statute. Under the view of the evidence most favorable to defendant, fact questions were presented as to whether any violation

of the statute by decedent constituted contributory negligence, especially in view of the common custom of drivers, including defendant, to give a signal of intention to turn left by holding the left door open (Mann v. Standard Oil Co. 129 Neb. 226, 261 N. W. 168, *supra*), and whether, if so, such contributory negligence was a proximate cause of the collision. It cannot be so held as a matter of law.

■ We think that § 169.15 (the so-called slow speed statute) so plainly has no application here that there is no occasion to state at length the reasons for such a conclusion.

■ The finding implicit in the verdict in favor of plaintiff that defendant was negligent must stand, for the reason that no question concerning it has been raised here. Ransford v. Ainsworth, 196 Cal. 279, 237 P. 747; Long v. Tomlin, 22 Tenn. App. 607, 125 S. W. (2d) 171; Paddock v. Tone, 25 Wash. (2d) 940, 172 P. (2d) 481. Where there is a finding of negligence against defendant, who on appeal seeks a reversal upon grounds other than the validity of such finding, and decision of the questions raised goes against him, there must be an affirmance. Hulsey v. Tower Grove Quarry & Const. Co. 326 Mo. 194, 30 S. W. (2d) 1018. See, Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371, *supra*. Here, decision of the only questions raised by defendant is against him. Under the rule, the finding of negligence stands and decision must be one of affirmance.

Affirmed.