[S. F. No. 18282.   In Bank.   May 1, 1951.]

JESSIE FOWLER, Appellant, v. KEY SYSTEM TRANSIT LINES (a Corporation), Respondent.

James G. Quinn, Jr., William H. Quinn and Max Radin for Appellant.

Donahue, Richards, Rowell & Gallagher and Bryant M. Bennett for Respondent.

SCHAUER, J.—Plaintiff appeals from an adverse judgment, rendered against her on a jury verdict, in her action to recover for personal injuries. At the trial in the superior court issue was joined both on the question of defendant's negligence and plaintiff's contributory negligence. A hearing was granted by this court, after decision by the District Court of Appeal, First Appellate District, Division Two, for the purpose of giving further study to the problems presented. After such study we have concluded that the opinion of the District Court of Appeal, prepared by Mr. Justice Goodell, correctly treats and disposes of the issues involved, and it is therefore, with certain further discussion pertinent to contentions urged before us, adopted as and for the opinion of this court. Such opinion (with appropriate deletions and additions as indicated) is as follows:

"[ ] On Sunday evening, July 7, 1946, about 8:30, appellant, a woman of 70, was a passenger on a Key System bus traveling easterly on San Jose Avenue in Alameda. She signalled for a stop at Paru Street and the bus stopped at the southwest corner of the two streets with its front door a short distance westerly of the north-and-south crosswalk. The night was dark and the intersection was but dimly lighted. As appellant left the bus by its front door she stepped into the gutter, which was about 8 inches deep, its bottom paved with cobblestones; it was rough and uneven and contained debris, rocks and pebbles. She lost her balance and fell against the curb before getting a foothold on the sidewalk, and fractured her left hip. When the bus stopped it was inclined toward the sidewalk, on an angle, which left the appellant very little room, and put her in fear of being struck by it when it started up. Appellant was found lying where she fell, by a police officer, who had to use the spotlight on his car to make sure a human being was lying there.

"'Appellant's principal contention is that the court erred

in excluding the testimony of two witnesses as to the customary stopping place of the buses.

"At San Jose Avenue and Paru Street the crosswalk is flush with the sidewalk so that a pedestrian crossing the avenue would not have to step up or down at a curb and over a gutter, but would keep walking along on the same plane as the sidewalk, which situation appears clearly in three photographs in evidence. The gutter into which appellant stepped was at the opening of the culvert which runs under the crosswalk.

"The two witnesses testified that the customary bus stops were within the area of the crosswalk, which the witnesses marked on the photographs. It is evident that had the bus stopped at any of the accustomed places within the flat area as they portrayed them, appellant would have stepped onto the crosswalk and not into the gutter as she did.

"Testimony of both witnesses was stricken out on defendant's motion, which left the record as if it had been rejected in the first place. Appellant's counsel in urging its retention assured the court that Mrs. Fowler would testify 'that it was the place where the bus always stopped to permit her to alight in the past,'[1] and that he had 'under subpoena several witnesses to testify in addition to the two already, that use that bus regularly, that that is the regular place . . .'

"Appellant does not contend that the failure to stop at the accustomed place on this occasion was negligence *per se,* but she does contend that 'The custom of the bus in stopping regularly at a particular place on the route, the place at which the plaintiff expected to alight and at which she thought she was alighting, was brought into the trial as one of the elements necessary to show the defendant's negligence in this particular case.' She contends further that she 'was entitled to show the custom of this respondent as establishing a standard of safety in this case and this case only, and her reliance upon that standard so adopted by respondent itself.'

"In *Ross* v. *San Francisco etc. Railways Co.* [1920], 47 Cal.App. 753, 766 [191 P. 703], the court said, 'The settled practice of stopping a street-car at a particular place becomes a rule of conduct upon which the public has a right to rely to a reasonable extent, and a departure from such rule is a vitally important element in determining the question of

[1] Thus showing plaintiff-appellant's knowledge of the custom she sought to prove.

negligence, for it constitutes a departure from the standard of safety which the defendant has itself adopted. [Citations.] '

"There can be no doubt that evidence of custom is ordinarily admissible in negligence cases. Cases so holding are *Hennesey* v. *Bingham* [1899], 125 Cal. 627, 635-6 [58 P. 200]; *Adamson* v. *San Francisco* [1924], 66 Cal.App. 256, 260 [225 P. 875]; *Thomas* v. *Southern Pacific Co.* [1931], 116 Cal.App. 126, 131-2 [2 P.2d 544]; *Mace* v. *Watanabe* [1939], 31 Cal.App.2d 321, 323 [87 P.2d 893]; *Burke* v. *John E. Marshall, Inc.* [1940], 42 Cal.App.2d 195, 203-4 [108 P.2d 738]; *Scott* v. *Gallot* [1943], 59 Cal.App.2d 421, 425-6 [138 P.2d 685].

"The evidence rejected in this case was not that of a general custom, but of respondent's own custom and practice, such as that spoken of in *Ross* v. *San Francisco etc. Railways Co., supra.*

"In *Adamson* v. *San Francisco* [1924], 66 Cal.App. 256, 260 [225 P. 875], this court said: 'Where . . . a usual practice or custom has obtained, and . . . the claim is made that one of the parties has, to the discomfiture of the other, without notice, departed from the usual custom or practice, the courts have by an unbroken line of decisions held that the *question of negligence on the part of the defendant, and the question of contributory negligence on the part of the plaintiff,* are both questions for the jury to determine in the light of all of the facts, *including the evidence tending to establish the alleged custom or practice and the alleged deviation therefrom.* [Citation.]' (Emphasis added.) This was cited approvingly in *Polk* v. *City of Los Angeles* [1945], 26 Cal.2d 519, 531-2 [159 P.2d 931], where it was said, 'Whether negligence or contributory negligence may be predicated upon departure from custom is a question for the jury.' The Adamson opinion contains a pertinent quotation from *Carter* v. *Sioux City Service Co.* [1913], 160 Iowa 78, 89 [141 N.W. 26, 30], on the subject of departure from custom.

▊ "From these and other authorities it is settled law that evidence of custom is admissible for its bearing on either negligence or contributory negligence.

"Respondents pleaded that plaintiff failed to 'exercise ordinary care and caution in conducting herself so as to avoid the alleged accident' and that it was 'directly and proximately caused by the contributory negligence of said plaintiff.' Contributory negligence thus became an important issue in the case, and if the evidence of custom bore on that issue it should have been admitted for that reason if for no other.

"In *Scott* v. *Gallot* [1943], *supra,* 59 Cal.App.2d 421, the trial court granted a new trial because it had stricken out certain evidence of custom, relevant under the affirmative issue of contributory negligence. The order granting the new trial was affirmed.

"In *Muir* v. *Cheney Bros.* [1944], 64 Cal.App.2d 55, 63 [148 P.2d 138], the court in discussing plaintiff's testimony respecting the *customary course of traffic,* said: 'From the reported decisions it is apparent that the evidence was not admissible for the purpose of excusing the plaintiff for the violation of any provisions of the law. However, it was admissible as a part of the res gestae *for the purpose of giving to the jury full knowledge of all the facts and circumstances which existed at the time and place of the accident, which were known to the parties,* so as to permit the jury to pass upon the question of whether plaintiff conducted himself as an ordinary and reasonable person would have conducted himself in the light of all of the circumstances. [Citations.]' (Emphasis added.) *Carter* v. *Sioux City Service Co.,* quoted in the Adamson case, *supra,* is substantially the same.

"Respondents attempt to justify the court's ruling by invoking the familiar rule that 'Custom cannot overcome unequivocal statutory provisions.' The basis for this is the provision of section 586, Vehicle Code, that 'No person shall stop . . . any vehicle . . . on a crosswalk.' Of the five California cases they cite on this point only one is a negligence case. None of them is in point since appellant had no such purpose as those cases disclose. In *Hurtel* v. *Albert Cohn, Inc.* [1936], 5 Cal.2d 145 [52 P.2d 922], the plaintiff sought to excuse her own violation of an ordinance dealing with stop-and-go signals by showing that everybody violated it. In *Kohn* v. *Sacramento etc. Co.* [1914], 168 Cal. 1, 7 [141 P. 626], it was contended that nonnegotiable bonds should be treated as negotiable instruments because for years everybody had so treated them, and the courts should 'make the letter of the statutes bend' to the custom. Respondents' cases are not to be criticized for they all enforce the rule stated above, but they simply do not touch this case.

"The excluded evidence was not offered for the purpose of opposing custom to statute law. Appellant had not disobeyed any law and was not seeking to excuse any violation by invoking custom.

"The evidence might have shown repeated violations of section 586 but they were not appellant's violations. If

respondent railway habitually stops its buses in the crosswalk, that is a matter between it and the law enforcement authorities, and appellant is concerned therein only insofar as such stops tend to establish the bus line's own standard of safety for its passengers, and insofar as such stops had afforded appellant a safe place to alight.

"Appellant is no more affected or concerned with the violations of section 586 than was the passenger-plaintiff in *Clarkson* v. *United Railroads* [1924], 67 Cal.App. 372 [227 P. 710], concerned with the written contract between the United Railroads and the Western Pacific. There the custom, which departed from the contract, of handling trains was put before the jury and an instruction on the subject was given. With respect to the attack on the instruction this court said [p. 376] : '. . . this is an action based on the alleged negligence of the parties to the alleged written agreement, and the action is being maintained by one who was not a party to that written agreement. As to each of the defendants the issue in this case was negligence or no negligence.' The court then restated what it said in *Adamson* v. *San Francisco, supra,* and concluded [p. 377] : 'As between the two defendants in this case we think it is clear that the same rule should apply. The question was not what each of the defendants had agreed to do, but the question distinctly was what custom or practice theretofore had obtained.'

"By relying on section 586 respondents in effect say to appellant: 'In giving you in the past a safe place to alight we violated § 586, but you are now foreclosed from proving our custom for the very reason that we were transgressors.' Respondents are thus taking advantage of their own violations of law (Civ. Code, § 3517; *Hedlund* v. *Sutter Medical Service Co.* [1942], 51 Cal.App.2d 327, 333-4 [124 P.2d 878]) to keep from the record evidence which otherwise would be clearly admissible.

"The precise question is, whether evidence of a custom which violates positive law is to be rejected for that reason alone, or whether it is nevertheless admissible if it bears on negligence or contributory negligence. Neither side has produced any California authority on precisely this problem. There are, however, cases in other jurisdictions directly in point, the leading one of which seems to be *Langner* v. *Caviness* (1947), 238 Iowa 774 [28 N.W.2d 421, 172 A.L.R. 1135]. Therein it appears that the law of Iowa requires persons in vehicles meeting each other on the highway to give half the

traveled way by turning to the right, and a violation is prima facie evidence of negligence. However, a well established custom existed between truckers when working upon public works that the driver of an empty truck would yield the right of way to the driver of a loaded truck when about to meet in a narrow or defective place in the highway. Defendants in a negligence case arising out of a collision between trucks filed a counterclaim, wherein they pleaded the existence of such custom. On plaintiff's motion, that part of the answer was stricken out on the ground that it stated 'no defense or excuse for failure to exercise the statutory care required of defendants in the operation of their truck.' A verdict was returned for plaintiff and defendants appealed, contending that the stricken allegations properly bore on the issue of plaintiff's freedom from contributory negligence. The appeal was 'presented by both sides largely as if the trial court had ruled directly against the admissibility of evidence in support of the pleaded custom' (28 N.W.2d 423) which is the way the problem arose here. The court in reversing held that the custom was properly pleaded and that the allegations should not have been stricken out. It said (at 28 N.W.2d 423) : 'It is generally held . . . that a custom which conflicts with a statutory provision will not be enforced. Where there is such conflict, the statute must control [citations] . . . However, there are decisions that evidence of custom is admissible even for the purpose of excusing noncompliance with a state or municipal regulation. *Dugan* v. *Fry* [1929], 3 Cir., 34 F.2d 723, 724, 725; *Pollock* v. *Hamm* [1928], 177 Ark. 348, 6 S.W.2d 541; *Tobin* v. *Goodwin* [1930], 157 Wash. 658, 290 P. 215. See, also, *Hensen* v. *Connecticut Co.* [1922], 98 Conn. 71, 118 A. 464, 467. As stated, defendants do not contend the custom upon which they rely could excuse the negligence charged against Woolums but argue only it may be considered on the issue of plaintiff's freedom from contributory negligence . . . We think the custom pleaded here cannot be invoked to supersede or nullify the above statute. But it does not follow that such custom cannot be considered in determining whether plaintiff was free from contributory negligence.'

"The court then cites *inter alia Mann* v. *Standard Oil Co.* [1935], 129 Neb. 226 [261 N.W. 168], and then reaches into California for further authority, citing *Muir* v. *Cheney Bros.,* *supra,* and saying: '*Muir* v. *Cheney Bros.* [1944], 64 Cal.App. 2d 55, 148 P.2d 138, 141, involves the question of right of

way at an intersection and holds evidence of the customary course of traffic at the intersection was properly received, not to excuse plaintiff's failure to yield the right of way, but *to give the jury full knowledge of the circumstances at the time and place of the collision, which were known to the parties,* so as to permit the jury to decide whether plaintiff acted as an ordinarily prudent person in the light of such circumstances.' (Emphasis added.)

"*Langner* v. *Caviness* cites authorities from several other states, and at 28 N.W.2d 424 summarizes the Mann case as follows: 'Our conclusion is amply supported by authority. In *Mann* v. *Standard Oil Co.* [1935], 129 Neb. 226, 261 N.W. 168, defendant offered evidence of a recognized custom to signal a left turn by opening the left door and that its truck driver gave such signal. The statute required an arm signal. The court holds the custom could not supersede the statute but the evidence was admissible upon the issue of plaintiff's contributory negligence.'

"Respondents cite *Glaum* v. *Cummings,* decided by the Illinois Appellate Court, and have supplied the full text of the opinion. It is unreported but the syllabi are found in 317 Ill.App. 655 [47 N.E.2d 359]. Judgment was entered on a directed verdict for the defendants, which was affirmed. Glaum was injured while alighting from a streetcar and his claim of negligence was based on the failure to furnish him with a reasonably safe place to alight, and in failing to stop at the regular stopping place. His attempt to prove that it was the railway's custom to stop at a place other than that where he was injured, was met by the railway's showing that the law prohibited it. The court rejected the offer of proof and in affirming the judgment the appellate court said: 'It has been consistently held that a custom cannot be invoked to avoid a settled rule of law or to prevail against or overcome a statute, and such an alleged custom is therefore not binding. [Citations.]'

"The case, while similar, is not in point since Glaum's contributory negligence was so flagrant that the court took the case away from the jury. Hence the rule just discussed was not brought into play, and probably not even considered. What the court said respecting custom is no different from what our California courts have said, and none of the three cases cited in the Glaum opinion is a tort case. [ ].''

Here it is true, as suggested by defendant, that the evidence in question tended to show repeated violations of the law by

defendant, and that none of those violations contributed directly to plaintiff's injury. ■ But, as appears from the foregoing discussion, the evidence was material not because it tended to show violations of the law but because it tended to show a custom established by defendant and a right of plaintiff, who was familiar with the custom, to rely upon its continuance. Such evidence does not become inadmissible because it also tends to show violations of the law. It is self evident that it would be helpful for the triers of fact in determining whether defendant was negligent and whether plaintiff was contributively negligent to consider the facts (if so found) that defendant had established a custom of stopping at the crosswalk, that plaintiff as a regular passenger had become familiar with the custom, that defendant by its conduct had encouraged plaintiff to rely upon the custom, that plaintiff did rely upon it and that on a dark night, without warning to plaintiff, defendant departed from such custom. Upon the record the rejection of the evidence in question was prejudicial error.

■ Defendant urges, in reliance upon *Tharp* v. *San Joaquin Cotton Oil Co.* (1938), 27 Cal.App.2d 554, 561 [81 P.2d 443, 82 P.2d 21], that because plaintiff failed to plead the alleged custom she was precluded from introducing evidence thereof. Regardless of the merit or lack of merit of defendant's contention otherwise, the point is not decisive where, as here, the custom is relied upon to refute the charge that plaintiff was contributively negligent. (See *Scott* v. *Gallot* (1943), *supra,* 59 Cal.App.2d 421, 427.)

The question of the admissibility of such evidence to prove negligence of the defendant without pleading the custom need not arise, and other claimed errors need not occur, on a new trial and therefore need not be considered here.

Plaintiff has also attempted to appeal from an order denying her motion for a new trial. Such order is not appealable, and the attempted appeal therefrom will be dismissed. (See *Reeves* v. *Reeves* (1949), 34 Cal.2d 355, 357 [209 P.2d 937].)

The judgment is reversed and the cause remanded for a new trial; the attempted appeal from the order denying a new trial is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Respondent's petition' for a rehearing was denied May 28, 1951.