[Crim. No. 496.    In Bank.—October 30, 1899.]

THE PEOPLE, Respondent, v. YSABEL MOLINA, Appellant.

126   505
131   262

126 505
h138 472

126   505
143   600

CRIMINAL LAW—TRIAL FOR MURDER—HARMLESS REMARKS OF DISTRICT AT-
TORNEY.—Remarks made by the district attorney in his argument to
the jury, upon a trial for murder, which are in accordance with
the evidence and pertinent to the issues, are not harmful.

ID.—RANGE OF DISCUSSION BEFORE JURY.—The range of discussion, illus-
tration, and argumentation of counsel before a jury is wide.
Matters of common knowledge and historical facts may be re-
ferred to, and interwoven in the argument, and allusion may
be made to the prevalence of crime, and to the duty of the jury.

ID.—PRESUMPTION UPON APPEAL—CHARGE TO JURY—DISREGARD OF OBJEC-
TIONABLE REMARKS.—Where neither the evidence given at the trial,
nor the instructions to the jury, nor what action was taken by
the court, appears in the record upon appeal in a criminal case,
it must be presumed that the court corrected any objectionable
remarks made by the district attorney in the course of his argu-
ment, and instructed the jury to disregard them.

APPEAL from a judgment of the Superior Court of Kern
County, and from an order denying a new trial.    J. W. Mahon,
Judge.

The facts are stated in the opinion of the court.

J. W. Wiley, and S. M. Reed, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr.,
Deputy Attorney General, for Respondent.

THE COURT.—The defendant was charged by the informa-
tion with having, on the second day of December, 1897, will-
fully, feloniously, and with malice aforethought, killed and
murdered one A. Ramos in the county of Kern.    He pleaded
not guilty, and after trial was convicted by the jury of the

offense charged without recommendation. He made a motion for a new trial, which was denied, and he was thereupon sentenced to be taken to the state's prison at San Quentin and hanged by the neck until dead. This appeal is from the judgment and order denying defendant's motion for a new trial. Defendant has not brought here the evidence nor the instructions given to the jury. In his brief he states that there was evidence to sustain the verdict and that the instructions contain no error justifying a reversal. The sole and only point on which it is claimed the judgment and order should be reversed is by reason of the remarks of the district attorney in his argument to the jury before the final submission of the cause. The defendant was charged in the information with a prior conviction in the superior court of Kern county on the third day of September, 1896, of the crime of an assault with a deadly weapon, and to the charge he pleaded not guilty. In his opening argument to the jury the district attorney said: "No longer ago, gentlemen, than the third day of September, 1896, as was shown by the judgment-roll in the case of the People of the State of California against Molina, No. 394, in this court, this defendant was convicted, or plead guilty rather, to the crime of assault with a deadly weapon, having been informed against upon a charge of assault to commit murder; the plea having been allowed to be entered by my consent for the lesser offense, owing to the fact that it is sometimes very difficult, in these little troubles that arise between that class of people, to have them come up and prosecute when it comes into a court of justice."

The defendant excepted to the remarks, but made no motion to have them corrected or the jury instructed to disregard them. It is now claimed that the remarks were prejudicial error. As the defendant had entered his plea of not guilty to the charge of a prior conviction, it became necessary for the district attorney to introduce proof in support of such charge or abandon it. He did accordingly introduce the judgment-roll of such prior conviction, showing the facts as stated, and showing the fact that by consent of the district attorney the defendant was allowed to plead guilty of an assault with a deadly weapon after having been informed against upon a charge of

assault with intent to commit murder. The remarks of the district attorney were, therefore, in accordance with the evidence and were pertinent to an issue before the jury.

In his closing argument to the jury the district attorney said: "I will now say again, and say it for a fact: from the period of 1877, for fifteen years nearly, in Kern county, Kern county had a cessation of crime practically. The laws were obeyed and the laws were enforced. But I tell you, gentlemen, it does not need me to tell you why those things exist in any portion of the community; it does not need me to tell you of arguments being bandied back and forth in the state from one end of the state to the other, as to whether the jury system is a failure or not."

The defendant excepted to these remarks, but made no motion to have them corrected or the jury instructed to disregard them. The instructions are not in the record, and we must presume that the court correctly instructed the jury, and that they were told to disregard all matters and statements outside the record. In a case where the evidence supports the verdict, and where the court properly instructs the jury, and where no exceptions are taken to the admission of evidence, error in procedure would have to appear to us plainly to have been prejudicial before we would feel justified in reversing the judgment or order denying a new trial.

The rule is well settled that it is error sufficient to reverse a judgment for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume in argument to the jury such facts to be in the case when they are not. (*People v. Mitchell,* 62 Cal. 412, and cases cited.) In this case, even with no evidence in the record, where the life of a fellow-creature is at stake, we would have no hesitation in reversing the case if the remarks were erroneous when measured by the above rule, but they are not. There is no statement of any fact pertinent to the issue not in evidence. There is no charge against the character of defendant or his good name. There is no charge that he has been guilty of any offense or offenses other than charged in the information. The district attorney may have drawn upon his imagination as to the cessation of crime in Kern county after 1877, and as to the jury system being claimed by

many to be a failure, but we cannot see how the remarks could have injured the defendant. The matters spoken of were probably as well known to the jury as to the district attorney before he made the statement. It does not appear to us whether they were in the record or not.

In the leading case of *Tucker v. Henniker*, 41 N. H. 323, it is said: "The right of discussing the merits of the cause, both as to the law and facts, is unabridged. The range of discussion is wide. He may be heard in argument upon every question of law. In his addresses to the jury it is his privilege to descant upon the facts proved or admitted in the pleadings; to arraign the conduct of parties; impugn, excuse, justify, or condemn motives, as far as they are developed in the evidence; assail the credibility of witnesses, when it is impeached by direct evidence, or by the inconsistency or incoherence of their testimony, their manner of testifying, their appearance on the stand, or by circumstances. His illustrations may be as various as the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wings to his imagination."

In Bishop's New Criminal Procedure, volume 1, section 975 a, it is said: "Matters of common knowledge—being things not special to the case in hearing—may, like the language itself, be parcel of the woven argument which the advocate lays before the jury. Thus historical facts may be referred to, and it was not improper for counsel to draw an illustration from the Guiteau case. It may be stated that crime is on the increase, hence that juries should do their duty. Well-known riots may be cited as resulting from a lax administration of justice."

In accordance with the rule above laid down it was held not to be error where, during the argument, the district attorney addressed the defendant personally, advanced toward him and pointed his finger at him, saying: "You sought this trouble with him [referring to the prosecuting witness], and made a cowardly attack upon him." (*People v. Wheeler*, 65 Cal. 77.)

So where, in the closing argument, the district attorney challenged the attorney for defendant to explain the facts and circumstances of the case upon any other hypothesis except that of guilt, and said, "There is no theory on the face of the earth,

the possession of all this property and trying to escape from these officers, that he can advance or has advanced," it was held that the remarks had reference to the testimony and inferences to be drawn therefrom, and that the remarks were proper. (*People v. Hall*, 94 Cal. 599.)

In this case, the record is entirely silent as to what action the court took in regard to the remarks and as to any instructions to the jury in regard to them. If the remarks were objectionable, and the record fails to show whether or not the court corrected the statement, it will be presumed here that the statements were corrected and the jury instructed to disregard them. (*Fredericks v. Judah*, 73 Cal. 604.)

The judgment and order are affirmed.

Temple, J., dissented.