[Civ. No. 6542. Second Appellate District, Division One.—May 20, 1931.]

HOME FIRE INSURANCE COMPANY (a Corporation) et al., Respondents, v. SOUTHWESTERN ENGINEERING CORPORATION (a Corporation), Appellant.

A. P. Michael Narlian, for Appellant.

Kidd, Schell & Delamer and P. F. Kirby for Respondents.

HOUSER, J.—This appeal is from a judgment recovered by the plaintiff against the defendant in an action wherein the plaintiff, an insurance company, was subrogated to the rights of its assured. Primarily, the validity of the judgment depends upon the correctness of the conclusion reached by the trial court in substance that while the assured was engaged in procuring from the defendant at its place of business a truck-load of casing-head gasoline, the truck, belonging to the assured and on which the gasoline was intended to be transported, was consumed by fire which was caused by and through the negligence of the defendant.

From the evidence the trial judge was justified in concluding that casing-head gasoline is a volatile substance of a very dangerous, explosive, character; that in loading the truck the methods employed by the defendant were negligent in that they were ''makeshift'' and permitted the escape from such gasoline of large quantities of gas which, owing greatly to the stillness of the air and the foggy conditions then and there present, first settled about the truck, which, to the knowledge of the defendant, was being loaded in a large oil-producing area and in an atmosphere already ''saturated'' with like explosive gases, and that such escaped gas traveled in a sort of lane or path toward a boiler which

at that time and in such circumstances was being negligently operated by the defendant at a distance of about 110 feet from the truck; that the necessary and inevitable result of the operation of said boiler at said time and under the conditions then and there present was that the air which was supplied to, or permitted the existence of, the fire underneath the boiler, drew in with it a sufficient quantity of the gas which had escaped from the operation of loading the truck, so that when such gas came in contact with the fire an explosion or so-called "flareback" occurred, which ignited the gas in the near vicinity of the boiler, which burning gas traveled to the truck and resulted in its destruction as appropriately set forth in the complaint in the action.

The principal point relied upon by the appellant is that the evidence adduced on the trial of the action was insufficient to sustain the findings and the judgment. Although the usual contradictions appear in the evidence produced by the respective parties to the litigation, it is clear that as a whole the evidence sufficiently supports the foregoing foundational facts, as well as the findings made by the trial court. In such circumstances, the point presented by appellant cannot be sustained.

Appellant also complains that, to his prejudice, the trial court erred in the rejection of evidence offered by the defendant as to the safety of the method employed by it in loading the casing-head gasoline into the truck. The precise question which was propounded to the witness and to which appellant refers was as follows: "Q. I will ask you to state whether or not a vacuum system, such as was used in this plant in question, is ordinarily and commonly used in loading casing-head gasoline?"

It thus appears that the question was not a general one as to whether the "vacuum system" used by the defendant was considered "safe practice", but rather as to whether such method was "ordinarily and commonly used in loading casing-head gasoline". That such a question was improper is ruled in the case of *Phoenix Assur. Co. v. Texas Holding Co.*, 81 Cal. App. 61 [252 Pac. 1082], in which the facts were similar to those here involved and where the authorities in support of the rule are cited. But aside from such authority, in view of the fact that, as appears from the record

herein, no foundation was laid prior to the asking of the question; that no "offer of proof" was made by the defendant in connection with the rejection of the question by the trial court; and, finally, that at a later stage in the course of the trial, the trial court permitted an expert witness to fully answer a question which in substance was identical with the question theretofore rejected;—it becomes apparent that appellant has no just cause for complaint. (*Miller & Lux, Inc.*, v. *Richardson*, 182 Cal. 115, 128, 129 [187 Pac. 411]; *Mah See* v. *North American A. I. Co.*, 190 Cal. 421, 427 [26 A. L. R. 123, 213 Pac. 42].)

Another specification of error to which appellant has attracted attention relates to the admission by the trial court, over the objection of the defendant, of certain evidence, and thereafter the denial by the trial court of a motion made by the defendant to strike such evidence from the record on the ground that the witness who gave such evidence was not qualified as an expert. An examination of the record herein discloses the fact that, at least to an extent not possessed by the ordinary layman, the witness had shown that he had knowledge of the technical subject regarding which he was about to be interrogated. A conclusion as to whether the foundation was sufficient rested within the sound discretion of the trial judge, and in the absence of a showing that such discretion was abused, his decision thereon cannot be disturbed by this court. Moreover, the evidence given by such witness was comparatively unimportant, and, especially in view of the fact that it was but cumulative of other unquestioned evidence of the same import, it is clear that no appreciable harm could have resulted to the defendant by reason of the admission of the testimony in question.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.