[Crim. No. 98. Fourth Appellate District.—June 19, 1934.]

THE PEOPLE, Respondent, v. GEORGE FELLOWS, Appellant.

338

E. John Eriksson, Homer M. Bail and John A. Hadaller for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—By an information filed by the district attorney of San Bernardino County appellant was charged with the crime of driving an automobile while under the influence of intoxicating liquor on Colton Avenue, a public highway of San Bernardino County, on the evening of October 18, 1933. He has appealed from the judgment pronounced upon him requiring him to serve six months in the county jail, and from the orders denying his motions for new trial and for arrest of judgment.

The defense presented was that appellant was not intoxicated and that at the time and place in question he was not driving the automobile, but that it was being driven by Mae Fellows, his wife. We have studied the record and are convinced beyond any reasonable or possible doubt that Fellows was badly intoxicated and was driving the automobile while in that condition. The evidence of intoxication is furnished by several witnesses who testified as to a very noticeable alcoholic odor on appellant's breath; that from the time he alighted from his car to his incarceration, a period of more than two hours, he could not stand or walk without staggering; that his speech was thickened to such a degree that he could not articulate clearly. A physician who examined him and applied recognized tests pronounced him drunk. The evidence that he was the driver of the

automobile is equally conclusive. One witness saw him driving the car. Several other witnesses saw him sitting behind the steering-wheel immediately after the automobile was stopped on the highway. Another witness saw appellant and his wife change places in the automobile after it was stopped so that she then occupied the driver's seat behind the steering-wheel with appellant sitting in the place formerly occupied by her.

■ Appellant complains of rulings of the trial court in sustaining objections to questions propounded by his counsel in cross-examining the People's witnesses whereby they evidently sought to elicit evidence that his automobile was being driven in a cautious, prudent and orderly manner before it was stopped on the highway.

In *People* v. *Ekstromer*, 71 Cal. App. 239 [235 Pac. 69] (quoting from *People* v. *Dingle*, 56 Cal. App. 445 [205 Pac. 705]), it is said: " 'With respect to the meaning of the phrase "under the influence of intoxicating liquor", as used in this statute, we think that we are well within the bounds of accuracy in saying that if intoxicating liquor has so far affected the nervous system, brain, or muscles of the driver of an automobile as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then such driver is "under the influence of intoxicating liquor" within the meaning of the statute.' . . . Section 112 of the California Vehicle Act was designed to protect the public from the menace of automobiles operated upon the public highway with inadequate or no efficient control, in a world of traffic difficult of management under normal conditions, and should be liberally construed to effect its purpose."

From the foregoing it would seem clear that some evidence of that degree of intoxication which would make it unlawful for a driver to operate his car on a public highway is to be found in the manner of his operation of his automobile, because the impairment of "his ability to operate his car in the manner that an ordinarily prudent and cautious man in the full possession of his faculties using reasonable care would operate or drive a similar vehicle under like conditions" is made one of the tests to be applied. Certainly,

testimony tending to show that a driver operated his car in an unusually reckless manner, driving it from side to side of the road, would be admissible as evidence of an intoxication which affected his nervous system, brain or muscles. (*People* v. *McGrath*, 94 Cal. App. 520 [271 Pac. 549].) It would also be some evidence of sobriety, and that such an effect had not been produced, if the car had been driven normally and carefully. We believe these matters proper subjects of inquiry in cases of this kind.

In the instant case we cannot regard this error as prejudicial for the following reasons: (1) Upon the sustaining of the objections, appellant made no proffer of what he expected to prove. The answers given, if the court had permitted the witnesses to answer, might have been damaging to his cause. We cannot assume prejudice in the absence of anything in the record showing it. Certain pictures were offered in evidence and rejected. Although they were marked for identification, copies are not in the record. We cannot presume error and in the absence of the evidence cannot conclude that their rejection from the evidence prejudiced appellant. (2) Appellant stoutly maintained that his wife, and not himself, was driving the car. From the point of view of this defense the manner of the operation of the car became immaterial. (3) The evidence of appellant's guilt was so complete and convincing that it is beyond belief to presume that the jury could have found him not guilty had it been proven that the automobile was carefully driven by him. (Sec. 4½, art. VI, Const.)

Appellant complains of three instructions given by the trial court which defined the offense with which he was charged. He urges that since the repeal of the Eighteenth Amendment to the federal Constitution, and the Wright Act, the courts should adopt a more liberal view of the crime denounced by section 112 of the California Vehicle Act than while those enactments were in force. The repeal of these laws made no change in the provisions of the act making it unlawful to operate a motor vehicle on the public highways of California while under the influence of intoxicating liquor. Appellant's argument should be addressed to the legislature and not to the courts. The three instructions were carefully drawn and properly stated the law of this state.

■ Appellant complains because the trial court gave the familiar stock instruction that "a person must be presumed to intend to do that which he voluntarily and wilfully does in fact do, and must also be presumed to intend all the natural, probable and usual consequences of his own acts". We cannot see how the giving of this instruction could possibly prejudice the case of appellant if it be assumed that it was error to give it.

■ Appellant proposed, and the court refused, to give the instruction concerning the opinion of an expert witness as provided in section 1127b of the Penal Code. This instruction should have been given as the physician who examined appellant testified, at least in part, as an expert. We cannot regard the failure to give this instruction as prejudicial error (sec. 4½, art. VI, Const.), under the rule announced in *People* v. *Williamson*, 134 Cal. App. 775 [26 Pac. (2d) 681].

■ Appellant assigned as misconduct certain remarks of the district attorney during his argument to the jury. We have examined the record and find no error in them under the rules announced in *People* v. *Burke*, 18 Cal. App. 72 [122 Pac. 435], *People* v. *Lee Yick*, 189 Cal. 599 [209 Pac. 538], *People* v. *Molina*, 126 Cal. 505 [59 Pac. 34], and *People* v. *Gingell*, 211 Cal. 532 [296 Pac. 70].

■ During the early part of the trial, the court, in passing upon objections to questions asked of witnesses, made several remarks in the presence of the jury, of which the following is an example: "I am going to exclude that line of testimony and confine this case to the question of whether this defendant was intoxicated at the time he drove the car." Appellant urges that in those remarks the trial judge assumed, and told the jury, that he was driving the automobile, when one of his defenses was that his wife was driving it. It should be observed that these remarks were made before this defense was developed and before it appeared that appellant maintained that his wife was the driver. He did not call the trial court's attention to this defense at the time and did not assign the remarks as error. Had this been done the remarks should, and undoubtedly would, have been withdrawn and the jury instructed to disregard them. Under this state of the record the remarks cannot be urged as reversible error here for the first time.

We have examined the other specifications of error and can find no merit in any of them. No good can be done in discussing them in detail.

The judgment and orders appealed from are affirmed.

Barnard, P. J., concurred.

Jennings, J., being absent, did not participate herein.