[Civ. No. 196. Fifth Dist. Aug. 1, 1963.]

LUPEN VALENTINE ORTEGA, Plaintiff and Appellant, v. CHARLES GRADY GARNER et al., Defendants and Respondents.

824

Heily & Herman, Neil D. Heily and Edward L. Lascher for Plaintiff and Appellant.

Stutsman, Nagel & Ferrari and G. W. Stutsman for Defendants and Respondents.

STONE, J.—Plaintiff appeals from a defense judgment entered pursuant to a jury verdict denying damages for personal injuries as a result of a collision between his motor-

cycle and an automobile owned by defendant Grady Garner and operated by his son, defendant Charles Grady Garner.

Plaintiff was riding his motorcycle in an easterly direction on Yosemite Highway No. 41, in mountainous territory. Plaintiff testified that he was traveling in the right-hand lane approximately 2 feet from the center line, at a speed between 30 and 35 miles per hour. Defendant was driving his automobile westerly and downhill when the two vehicles collided on a curve. Plaintiff testified that in turning his motorcycle to the left to negotiate the curve, it was necessary for him to lean the motorcycle to the left, or toward the center line, to maintain his equilibrium. There was a double line in the center of the highway at the curve, and the principal issue at the trial was whether plaintiff's motorcycle was over or "overhung" the double line at the time the collision occurred.

Plaintiff makes two primary contentions on appeal: (1) error in instructions given and (2) sustaining objections to proffered evidence.

### INSTRUCTIONS

The trial court gave the 1956 version of BAJI instruction No. 149, concerning when violation of a statute constitutes negligence. This instruction was specifically disapproved by the Supreme Court in *Alarid* v. *Vanier*, 50 Cal. 2d 617 [327 P.2d 897], decided in 1958. The editors of BAJI have since revised instruction No. 149 to conform to the standard delineated in *Alarid* v. *Vanier, supra.*

Defendants contend there was no error because the instruction omitted the final paragraph of the pre-*Alarid* No. 149. That paragraph stated that to justify a violation of a statute there must be evidence that the violation resulted from causes or things beyond the control of the person charged with the violation. Omission of that paragraph did not cure the error in the instruction, however, because the following language was included in the instruction: "The jury may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making induce him, without moral fault, to do otherwise." This very language from BAJI 149 is quoted at page 623 of *Alarid,* and at page 624 the Supreme Court specifically disapproved it, stating: "In our opinion the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected

of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.''

Defendants attempt by semantical rationalization to equate the language of the ''old BAJI 149'' instruction with the test adopted by the Supreme Court in *Alarid* v. *Vanier, supra,* but since the Supreme Court expressly disapproved the precise language which defendants attempt to justify, it was error to give the old version of the instruction.

Defendants argue that if it be conceded that the instruction fails to comply with the requirement of *Alarid,* nonetheless the error was not reversible. They assert that there was no miscarriage of justice because the instruction did not prejudice plaintiff when all of the circumstances of the case are considered. However, in examining the circumstances of the case there was other error which we shall now examine, error which relates directly to the questioned instruction.

### EVIDENCE

■ During direct examination of plaintiff the following occurred: ''Q. Is there any particular reason why you stayed approximately two feet from the center line? MR. STUTSMAN: I object to that, if the Court please. It is calling for a self-serving declaration. What he did is the question. THE COURT: Well, I think what the witness has said as to where he was—that speaks for itself. It doesn't matter why he was there. I will sustain the objection.''

One of defendants' chief contentions at the trial was that plaintiff was guilty of contributory negligence by being over the double line at the time of the collision, in violation of Vehicle Code section 21460. Under the language of *Alarid* v. *Vanier, supra,* page 624, plaintiff was entitled to show ''that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.'' There may have been any one of a number of conceivable reasons why under the circumstances then existing, plaintiff was riding his motorcycle 2 feet from the center line, circumstances which might indicate that he was acting as a prudent person who desired to comply with the law, would act under similar circumstances. Thus the error in failing to give BAJI instruction No. 149 as revised in the light of *Alarid* v. *Vanier, supra,* together with the erroneous exclusion of evidence which was admissible under the principles enunciated in *Alarid,* require a reversal.

■ Plaintiff also attempted to get into evidence the

custom of motorcycle riders "where they have a double yellow or white lines down the center" of a highway. Objection was made, and properly sustained. While custom has been held admissible in negligence cases to aid a jury in determining whether particular conduct measures up to the applicable legal standard (*Burke* v. *John E. Marshall, Inc.,* 42 Cal.App.2d 195, 203 [108 P.2d 738]), it is not admissible to establish a standard of care which conflicts with a standard fixed by statute. (*Miller* v. *Midway Fishing Tool Co.,* 106 Cal.App.2d 612 [235 P.2d 630]; *Haskins* v. *Southern Pacific Co.,* 3 Cal.App.2d 177, 183 [39 P.2d 895].) Here the standard of care was established by Vehicle Code section 21460. Evidence of custom was not admissible to contravene this statutory duty of care. (Witkin, California Evidence, § 149, p. 170.)

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.