[Civ. No. 618.   Fifth Dist.   Sept. 15, 1966.]

HELEN BEAIRD et al., Plaintiffs and Respondents, v. BETTY BRYAN et al., Defendants and Appellants.

McCormick, Barstow, Sheppard, Coyle & Best and Hollis G. Best for Defendants and Appellants.

Bradley & Bradley and N. O. Bradley for Plaintiffs and Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a judgment after verdict awarding respondents a total of $2,650 for damages arising from an automobile collision. The appeal is grounded upon alleged errors in instructing the jury relative to the intersection at which the collision took place and the denial of the right of appellants' counsel to argue certain matters in closing argument.

The accident occurred at or near an uncontrolled intersection in Tulare County where Avenue 312, an east-west road, dead-ends into Road 220, a north-south road. At the

*Assigned by the Chairman of the Judicial Council.

time of the accident as one proceeded north on Road 220 its northerly course jogged several feet to the east at about its juncture with Avenue 312, and its paved surface narrowed a couple of feet from its original paved width of 22 feet. A sweeping 90-degree curve having a 150-foot radius led from the east edge of Road 220 into Avenue 312. Part of the outer edge of this curve formed the western edge of the jog in Road 220. This curve was slightly banked and had a readily apparent difference in its road surface from the portion of Road 220 that extended to the north while the surface to the south was the same as that in the curve. A more sharply rounded corner led from the westbound lane of Avenue 312 into the northbound lane of Road 220. The pattern of traffic was such that a triangular patch of sand or dirt had accumulated on the roadway, somewhat like a traffic control island, as vehicles northbound from Avenue 312 customarily turned right, close to the northeast corner, while southbound vehicles from the Avenue customarily turned left along the course of the sweeping curve. There was testimony that at one time the portion of Road 220 which extended to the north had not existed and that the original road was that encompassed by the 90-degree curve to the east from Road 220.

The accident occurred when appellant Betty Bryan was driving north on Road 220 in her Oldsmobile station wagon. Her uninterrupted course would have carried her straight through the intersection with Avenue 312. As she approached the intersection she testified she slowed from about 50 to 35 miles an hour and was riding her brakes. At about the same time respondent Helen Beaird was proceeding west on Avenue 312 intending to turn south on Road 220. She testified she went to the left of the pile of sand in the roadway following the curve of the preexisting road. She was traveling at about 15 miles an hour and, seeing no other cars, she proceeded on her path without stopping. She said she heard the sound of a car which was traveling fast; the two cars collided, damaging the front end of respondents' car and the front and right side of appellants' car. Respondent Helen Beaird testified that she was already driving in a southerly direction at the time of the collision. Appellant Betty Bryan testified that she was on her own side of the road and that she did not see respondents' car until the moment of the collision.

There was testimony, and no conflict, that the intersection was, in fact, a blind intersection.

The trial court gave an instruction based on Vehicle

Code section 365 which read as follows: "An 'intersection' is the area within which vehicles traveling upon different highways joining at any angle may come in conflict." Appellants had requested, and the court refused to give, the full substance of Vehicle Code section 365 which reads: "An 'intersection' is the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." The instruction as requested by appellants may not have been strictly correct as there were no curbs at the intersection, but that portion could well have been deleted. The court declared that the intersection was not a "T" intersection, which would justify the giving of the portion of the code section which defines the intersection of two highways which join one another at approximately right angles, feeling that the evidence of custom dating back to the use of the preexisting road made the offered instruction improper. By instructing as it did, the court removed the question of determining the nature of the intersection from the jury. This was error. The location and nature of the intersection was a fact question. (See *Moreno* v. *Hawbaker*, 157 Cal.App.2d 627, 635 [321 P.2d 538]; *Bell* v. *Huson*, 180 Cal.App.2d 820, 824-825 [4 Cal.Rptr. 716].)

In view of the right angle formed by the center lines of the two intersecting roads which are constructed along the section lines, the court should have left the jury with the possibility that they might find that the "intersection" was comprised of a narrow square in the northwest corner of the area where the two roads joined, the outline of which would be formed by the prolongation of the lateral edges of the respective roadways. The importance of leaving this possibility to the jury when confronted with an intersection of a somewhat ambiguous nature is exemplified by the possibility that if the jury found the instruction regarding the prima facie speed limit within meaning of Vehicle Code section 365, they would have ignored the intersection to be a "right angle intersection" within the an intersection, since the evidence showed that the accident happened some 38 feet south of the lateral prolongation of the southern boundary of Avenue 312. Additionally, certain other instructions regarding the failure to yield the right of way, driving on the wrong side of the road, and the propriety of the left hand turn performed by respondent Helen Beaird would

be affected by the jury's possible alternative determination of the nature of the intersection.

However, we do not rule as a matter of law that the instant intersection was a "right angle intersection" within the meaning of section 365 since the peculiar jog to the east and the sweeping curve with its 150-foot radius creates an ambiguity regarding how the lateral extensions of the intersecting roads would combine to form an "intersection." In other words the peculiar nature of the intersection could justify a jury determination that this intersection was not a right angle intersection as contemplated by the code.

Our ruling that the trial court should have left to the jury the question of the nature of the intersection is not dictated by the evidence of custom produced at the trial concerning the practice of making left-hand turns by following the sweep of the former road. As stated in *Ortega* v. *Garner,* 218 Cal.App. 2d 823, 827 [32 Cal.Rptr. 632] : "While custom has been held admissible in negligence cases to aid a jury in determining whether particular conduct measures up to the applicable legal standard [citation], it is not admissible to establish a standard of care which conflicts with a standard fixed by statute. [Citations.] Here the standard of care was established by Vehicle Code section 21460. Evidence of custom was not admissible to contravene this statutory duty of care."

The court also gave the following instruction based on Vehicle Code section 22352, subdivision (a)(2) : "The prima facie limits are as follows and the same shall be applicable unless changed as authorized in this code and, if so changed, only when signs have been erected giving notice thereof:

"(a) Fifteen miles per hour:

"(1) . . . . . . . . . .

"(2) When traversing any intersection of highways if during the last 100 feet of his approach to the intersection the driver does not have a clear and unobstructed view of the intersection and of any traffic upon all of the highways entering the intersection for a distance of 100 feet along all such highways, except at an intersection protected by stop signs or yield right-of-way signs or controlled by official traffic control signals."

Whether or not this instruction would be applicable would depend upon the jury's determination of the nature of the intersection here in question. The instruction was in any event proper but would require a further instruction that if the accident occurred outside of that intersection the 15 mile-per-

hour limitation would not then apply. (*Wiley* v. *Cole,* 67 Cal.App. 762, 765-766 [228 P. 550].)

Appellants also complain that the court instructed the jury on the basis of Vehicle Code section 21800, subdivisions (a) and (b) that: "(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right-of-way to the driver of the vehicle on his right."

Again the applicability of this instruction will depend upon the facts found by the jury as to where the intersection was located. The time at which the parties here entered the intersection is not clear, neither one having seen the other car until immediately before impact.

Appellants requested an instruction based on Vehicle Code section 21752 which read: "No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"(a) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

"(b) . . . . . . . . . .

"(c) When approaching within 100 feet of or when traversing any intersection or railroad grade crossing."

The court refused to give this instruction based upon its concept of the intersection here involved, and the fact that the respondent Helen Beaird was making a left turn. It is clear that if she was in the intersection she had the legal right to be on the right side of Road 220 during the turning process. (Veh. Code, § 21650, subd. (b) ; *Powley* v. *Appleby,* 155 Cal. App.2d 727, 737-738 [318 P.2d 712].)

Appellants argue that since the collision occurred outside of the intersection according to the contention that the intersection is a simple "T" intersection, the court should have instructed on driving on the wrong side of the road. Certainly in view of appellant Betty Bryan's testimony that she was on the right side of the road immediately preceding the moment of impact, such an instruction should have been given. It is questionable, however, that the requested instruction based on Vehicle Code section 21752 was proper. In *Powley* v. *Appleby, supra,* 155 Cal.App.2d 727, it is held that the

predecessor section to 21752 was not applicable to an intersection accident involving a left turn since that section is concerned with overtaking and passing when two vehicles are proceeding in the same direction.

■ An instruction under Vehicle Code section 21660 might well be given under the facts here presented. That section reads: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and, except when a roadway has been divided into traffic lanes, each driver shall give to the other at least one-half of the main traveled portion of the roadway whenever possible." This section has been applied to a situation somewhat similar to the present one. (See *Bennett* v. *Chandler,* 52 Cal.App.2d 255 [126 P.2d 173].)

■ At a discussion held outside of the presence of the jury, the trial judge told appellants' counsel that he would not·be allowed to argue that respondents' car was on the wrong side of the highway at the moment of impact. This was error. In *Hodges* v. *Severns,* 201 Cal.App.2d 99, 114, 115 [20 Cal.Rptr. 129], it is said: "While the trial judge properly may insist that counsel not undertake to tell the jury what he, the judge, will say, it is quite another matter to preclude him ·from discussing the pertinent law and its application to the facts. That is the attorney's right as advocate of his client's cause. In *People* v. *Molina,* 126 Cal. 505, 508 [59 P. 34], the Supreme Court said: 'In the leading case of *Tucker* v. *Henniker,* 41 N.H. 323, it is said: "The right of discussing the merits of the cause, both as to the law and facts, is unabridged. The range of discussion is wide. He may be heard in argument upon every question of law. . . ." ' *People* v. *Dykes,* 107 Cal.App. 107, 118 [290 P. 102] : 'That counsel may, in his argument, state what the law is and apply the law to the facts in the case is well.established in California, provided, of course, the statement of what he considers the law to be is correct.' This language was quoted in *DeArmas* v. *Dickerman,* 108 Cal.App.2d 548, 553 [239 P.2d 65]. In this case counsel's presentation required a discussion of through highways, the duties and rights of persons entering, crossing and traversing such an artery, the meaning of immediate hazard, the law of right-of-way with its meaning and limitations; what constituted an intersection in the peculiar facts at bar; the effect of a posted speed limit; the duty of keeping a lookout for intersecting traffic; and numerous other law points. Without such discussion he could not make the facts really meaningful. Of

course, such mention of legal principles is subject to reasonable control of the court. [Citations.] What the court said in *People* v. *Travis*, 129 Cal.App.2d 29, 37 [276 P.2d 193], is peculiarly pertinent here: 'The rulings of the court confused argument with evidence. The ground of the rulings was that in the course of argument to a jury counsel in the case may recount or read nothing that has not been received in evidence. This concept of what is proper by way of argument is contrary to well-recognized privileges and practices of the profession as old as the law itself.' The court's manner and words definitely went beyond the domain of reasonable control of counsel and were an undue interference with his presentation of plaintiff's case.''

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.